## Cox *v.* Kent.

PLEADING AND PRACTICE. *Before Justices. Certiorari. Petition for. Mistake not sufficient to sustain.* Plaintiff, in a petition for certiorari to bring up cause from a justice of peace, alleged that he had a good defence to the action, but understood the case to be set for the 26th, when it was tried on the 19th, and that he did not discover his mistake until too late to appeal. Held not sufficient to support the petition.

Case cited : Copeland *v.* Cox.

FROM JACKSON.

Appeal from the Circuit Court at Gainsboro. Judge S. M. FITE presiding.

E. L. GARDENHIRE for Cox.

No counsel marked for defendant.

McFARLAND, J., delivered the opinion of the court.

The only question in this case is whether the petition for the writ of certiorari, to bring up the case from a justice of the peace, states sufficient reasons for not appealing. On this subject the petitioner says : " Petitioner told the officer, at the time the warrant was served on him and his securities, that he had a good defence against the recovery of said note, and was going to defend the suit and resist judgment, whereupon the officer said that in case any defence was to be made he was instructed to re-

Cox *v.* Kent.

turn the warrant before Esquire Armstead. Your petitioner was then summoned to answer the complaint and also his security. The trial was put off some time, and your petitioner thought Saturday, the 26th of this month, was the day of trial. He so understood the officer at the time, and never knew any better until yesterday, when he was informed that the warrant was returned before said justice on Saturday the 19th of this month, at which time judgment was rendered, and before petitioner was apprised of said mistake the time allowed for him to appeal had expired. Petitioner told said officer that he intended to appeal to court. He was advised by his counsel not to make his defence before the justice, but to appeal to the circuit ccourt and make it there. That he intended to go to Granville, where the justice lived, and appeal on the 28th of September, which would have been in time, but for the mistake; that he lost his right to appeal by no fault or negligence of his; that he could not help the misunderstanding as to the time."

So long as the rule is maintained of requiring the petitioner to show a reason for not appealing, before allowing the certiorari as a substitute for appeal, the reason for not appealing ought to be a substantial one, and show that the petitioner has been guilty of no culpable negligence and want of attention on his part. It is not the policy of the law to relieve parties from the consequence of their own culpable negligence. It has been said that as the jurisdiction of justice increases the strictness of the rule in this regard should be

relaxed, but still the rule cannot be abandoned altogether.

The petitioner does not state that the officer practiced any deception upon him as to the time, or that in fact that he made his return different from the truth, but simply that he misunderstood the officer as to the time of the trial. It is true mistakes often occur, but with the most ordinary care and attention to the matter the mistake could not have occurred.

Petitioner should have taken the care at the time to have known from the officer the day set for trial; this he could easily have done. Parties must be held to ordinary care and attention to their business. A mistake of this sort could be easily manufactured. In *Copeland* v. *Cox*, 5 Heiskell, Judge Deaderick said "Unless a party has been deprived of his right of appeal by inevitable accident, by the wrongful act of the justice or adverse party, or his own blameless misfortune, no matter how meritorious his case may be, he must be repelled from court." We are of opinion that the judgment of the circuit court judge, dismissing the case, is correct and should be affirmed.