**STATE of Tennessee, Petitioner,**

v.

**Aaron Alfonso WILLIAMS, Respondent.**

Supreme Court of Tennessee.

Dec. 4, 1978.

Rehearing Denied Jan. 29, 1979.

Brooks McLemore, Jr., Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Sterling P. Gray, Asst. Dist. Atty. Gen., Nashville, for petitioner.

Bart C. Durham, Tom Moon, Nashville, for respondent.

OPINION

HENRY, Chief Justice.

This criminal action presents the single question of the sufficiency of so much of

the verdict as relates to the sentence. The trial judge held the verdict to be sufficient and rendered judgment thereon fixing respondent's punishment at confinement in the penitentiary for a period of not more than fifteen (15) years. The Court of Criminal Appeals affirmed the conviction but modified the trial court's judgment by "fixing a determinate sentence of ten years as originally set by the jury."[1] We respectfully disagree with both courts.

## I.

Respondent was convicted of murder in the second degree. Under § 39–2408, T.C.A., the punishment for this offense is fixed at imprisonment in the penitentiary "for life or for a period of not less than ten (10) years." Until the passage of Chapter 768 of the Public Acts of 1974, our courts had held that the indeterminate sentence law was applicable to second degree murder. *Rocket v. State*, 480 S.W.2d 920 (Tenn. Cr.App.1972). By this enactment, the indeterminate sentence law was amended, and § 40–2707, T.C.A. now provides, in pertinent part:

The provisions of this section shall have no application in the case of persons convicted of murder in the second degree . . .; persons convicted of such offense[s] shall be given a determinate, and not an indeterminate sentence.

▇ Thus, murder in the second degree is punishable by a determinate sentence of life or any number of years not less than ten, and the precise sentence, without qualification, and without upper and lower limits, is fixed by the jury. When a jury verdict provides for minimum and maximums, it is not proper under the determinate sentence law. Judged by this standard each of the sentences fixed by the jury does not pass muster. We examine them.[2]

## II.

▇ When the jury first returned into open court to announce its verdict the court

reporter's recording device was out of order. This portion of the trial is included in the bill of exceptions as a synopsis or narration stipulated by counsel. It shows that the first jury verdict found the respondent guilty of murder in the second degree and

fixed his punishment at not less than ten years in the State Penitentiary.

Clearly, this was not a proper sentence under the determinate sentence law. It was facially vague and ambiguous. It does not reflect a definite or certain period, as contemplated by the determinate sentence law. It partakes of the nature of the first half of an indeterminate sentence. As a determinate sentence it is void for failure to fix a definite period; as an indeterminate sentence it is not only incomplete but also inappropriate.

The trial judge recognized the insufficiency of the sentence. The narrative bill of exceptions shows that after the verdict the following ensued:

the Court asked the foreman of the jury what was the maximum sentence levied by the jury . . . the jury responded . . . that they did not have a maximum fixed. Whereupon the court instructed the jury to go back . . . and determine what the maximum . . . should be.

▇ The jury then retired and reported back to the court that the period of confinement would be "not less ten years but not more than fifteen."

It is evident that this verdict, cast in the form of an indeterminate sentence, in no way complies with the requirement of certainty of time required by the determinate sentence law, and is facially void. *State ex rel. Nicholson v. Boles*, 148 W.Va. 229, 134 S.E.2d 576. The Court of Criminal Appeals erred in treating the jury's first response as being a valid determinate ten-year sentence.

The guilt of respondent has been fully and finally determined. A legal punish-

---

1. See Section II, *infra*.

2. The trial judge clearly and correctly charged the applicable law.

ment has not been fixed. We remand to the Criminal Court at Nashville for a new trial limited to the single issue of punishment. *See Hunter v. State*, 496 S.W.2d 900 (Tenn.1972).

Remanded.

FONES, COOPER, HARBISON and BROCK, JJ., concur.

### MEMORANDUM ON PETITION TO REHEAR

HENRY, Chief Justice.

The petition to rehear is respectfully denied.

FONES, COOPER, HARBISON and BROCK, JJ., concur.