**JASPER ENGINE AND TRANSMISSION EXCHANGE, Plaintiff–Appellant,**

v.

**Roger MILLS d/b/a Rod's Wrecker Service, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

April 21, 1995.

Permission to Appeal Denied by Supreme Court Aug. 28, 1995.

David A. Lufkin, Knoxville, for Appellant.

Jerry K. Galyon, Sevierville, for Appellee.

*OPINION*

McMURRAY, Judge.

In this action, the appellant filed a petition for certiorari in the Circuit Court for Sevier County seeking review of a judgment of the Sevier County Trial Justice Court which had become final. The trial court denied the petition. We affirm the judgment of the trial court.

The plaintiff's petition for certiorari was filed, according to the petition, under the provisions of T.C.A. § 27–8–106. The petition recites a history of the prior proceedings in the Trial Justice Court and asserts as his grounds for certiorari the conclusory statement that "mutual mistakes have been made." The circuit court dismissed the petition. The basis for the trial court's action in dismissing the petition was that the judgment entered in the Trial Justice Court of Sevier County ... had become final because

---

4. We do not here address how long Judge Drake may serve or when he must again stand election.

the plaintiff failed to timely perfect an appeal.

This appeal resulted and the following issue is presented for our review:

Did the Circuit Court err in not granting the petition for certiorari?

Firstly, we note that no relief is available under T.C.A. § 27–8–106. Section 27–8–106 provides as follows:

> **Petition.**—The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is a first application for the writ.

Giving appellant the benefit of doubt, we will treat the petition as having been filed pursuant to T.C.A. § 27–8–102, the "statutory writ of certiorari" which provides in pertinent part as follows:

> **27–8–102—Cases in which the writ lies.**—Certiorari lies:
>
> (1) ...
>
> (2) Where no appeal is given.
>
> (3) As a substitute for appeal.
>
> \*　\*　\*　\*　\*　\*
>
> This section does not apply to actions governed by the Tennessee Rules of Appellate procedure.

■ Obviously, in this case the appellant is attempting to use certiorari as a substitute for appeal. In proper cases the circuit court, upon sufficient grounds, may grant certiorari and hear a case on its merits even though the time for appealing has expired in the inferior court. It has long been the law in this jurisdiction, however, that the petition must show sufficient grounds therefor, unless the petitioner has been deprived of his appeal by inevitable accident, by the wrongful act of the justice or adverse party, or by his own blameless misfortune, no matter how meritorious his case may be, and a petition failing to show such grounds will be dismissed. *See Copeland v. Cox,* 52 Tenn. 171 (1871) and *Cox v. Kent,* 68 Tenn. 492 (1876).

■ Here, the petition for certiorari simply fails to state sufficient facts to demonstrate any grounds for the issuance of a writ of certiorari. The petition for certiorari simply recites a history of the case, the amount sued for on sworn account [1] and the amount of the judgment entered by the trial justice court. While we recognize that the adoption of the Tennessee Rules of Civil Procedure greatly relaxed the requirements as to pleadings, pleading of some facts giving rise to a claim for relief is still a necessary requirement. *See W & O Constr. Co. v. City of Smithville,* 557 S.W.2d 920 (Tenn.1977). The adverse party is entitled to have sufficient notice to inform him of the allegations he is called upon to answer. The allegations contained in the petition under consideration, coupled with the conclusory allegation that mutual mistakes have been made, do not meet the test. The petition is insufficient to warrant issuance of a writ of certiorari.

The appellee has asked us to find that this is a frivolous appeal and award damages pursuant to T.C.A. § 27–1–122. We are of the opinion that sanctions are inappropriate in this case.

We affirm the judgment of the trial court in dismissing the petition. Costs are taxed to the appellant and sureties, if any, and this cause is remanded to the trial court for the collection thereof.

GODDARD, P.J., and SUSANO, J., concur.

---

1. The record reflects that the defendant filed an appropriate denial under oath.