| FRANK COLLIER AUCTION & | ) | |
|---|---|---|
| REALTY COMPANY, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | Appeal No. |
| | ) | 01-A-01-9608-CH-00384 |
| v. | ) | |
| | ) | Davidson Chancery |
| JOE M. RICE and | ) | No. 91-3839-I |
| WAYNE B. GLASGOW, JR., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOE E. HOLLAND d/b/a | ) | |
| HOLLAND LAND SURVEYING, | ) | |
| | ) | |
| Defendants/Appellants. | ) | |

FILED

**February 21, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

# COURT OF APPEALS OF TENNESSEE

# MIDDLE SECTION AT NASHVILLE

## APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

## AT NASHVILLE, TENNESSEE

## THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

JOHN L. WHITFIELD, JR.
Cavalier Building
95 White Bridge Road, Suite 509
Nashville, Tennessee 37205
    ATTORNEY FOR PLAINTIFF/APPELLEE


PHILLIPS M. SMALLING
P. O. Box 340
Byrdstown, Tennessee 38549
    ATTORNEY FOR DEFENDANT/APPELLANT

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

# MEMORANDUM OPINION[1]

This is an appeal by defendant/appellant, Joe M. Rice, from the decision of the trial court awarding Rice $5,600.00 tendered by interpleader and dismissing his claims against plaintiff/appellee, Frank Collier Auction & Realty Company ("Collier"), and defendant, Wayne B. Glasgow. The facts out of which this matter arose are as follows.

On 12 October 1991, Collier offered land located on the Cumberland River for sale at an auction. The owner of the land was Wayne B. Glasgow. Collier provided prospective buyers with a survey plat, an appraisal, a newspaper ad regarding the view of the river from the property, and a letter dated 1 October 1991 from Brenda Apple, an employee of the State Division of superfund, regarding the environmental clean-up of the land and liability for the clean-up. Joe M. Rice was the highest bidder at the auction. At the close of the auction, Rice, Glasgow, and Collier executed a contract for the sale of the property. The contract provided as follows:

> Miscellaneous condition <u>buyer is aware of E.P.A. clean up taking place on property being sold and has been given the letter from Brenda Apple dated 10-1-91 pertaining to such.</u>
> . . . .
> Title: Seller agrees to furnish Buyer a title insurance policy as of the date of closing. The policy is to be in the usual form, subject only to the usual printed exceptions and those agreed in this contract.
> . . . .
> Disclaimer: Seller and Purchaser acknowledge that they have not relied upon the advice or representations, if any . . . relative to the legal and tax consequences of this contract in the sale of the premises, the purchase and ownership of the premises, . . . zoning ordinances or the investment or resale value of the premises. Seller and Purchaser both acknowledging that if such matters have been of concern to them, they have sought and obtained independent advice relative thereto.

(underlined portion hand-written)

---

[1] Court of Appeals Rule 10(b):

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Three issues arose before the proposed closing date. The first involved the environmental clean-up and the interpretation of the letter written by Brenda Apple. Rice contended that the letter represented the State would have no interest in the property after sixty days. The second issue involved the existence of a one-hundred feet wide railroad easement on the south side of the property that adjoined the river. In a letter dated 28 October 1991, Glasgow stated that the easement was "more than the 15 foot right-of-way easement represented to Mr. Rice." Rice claimed that the plat did not reveal the railroad easement; however, the trial court found that "[t]he railroad is shown on the plat." The third issue involved the title insurance policy. In an attempt to comply with the contract, Glasgow delivered a proposed insurance policy, but the policy included an exception for the easement. Rice contended that the policy did not comply with the contract for sale. Despite discussions between the parties, they did not resolve the issues and the closing never occurred.

On 25 November 1991, Collier filed an interpleader action naming Glasgow and Rice as defendants. The complaint sought an adjudication of who was entitled to the $5,600.00 in earnest money paid by Rice on the date of sale. Rice filed an answer, a counter-claim against Collier, and a cross-claim against Glasgow. The counter and cross claims alleged intentional and fraudulent misrepresentation and violations of the Tennessee Consumer Protection Act. The parties agreed that Rice was entitled to the earnest money, and the court entered an order to that effect on 12 May 1993. On 21 May 1993, Glasgow filed a third-party complaint against Joe E. Holland d/b/a Holland Land Surveying ("Holland"). Glasgow alleged that Holland was liable for any damages assessed against Glasgow because of inaccuracies in the survey plat. The record does not reflect any further action on this claim or that Glasgow ever effected service of process.

The matters raised in Rice's claims were tried before the court without a jury on 8 December 1994. The court entered a default judgment against Glasgow, but reserved ruling on damages. In a memorandum opinion, the court held as follows:

> Rice agreed in the Contract for the Sale of Real Estate, that he read and signed, that the contract contained the entire agreement between the parties and that there were no oral or collateral

conditions, agreements or representations involved in the transaction.

Whatever representations that may have been made to Rice by French and/or Glascow [sic] were not relied on by Rice. Rice made an independent investigation of his concerns about the state of the property and based on the investigation decided to refuse to close the transaction, and he was refunded his down payment. Specifically, Rice objected to the railroad easement being made a printed exception in the title policy even though "easements" were printed exceptions in the title policy.

Further, Rice's contention that fraudulent misrepresentations were made to him with respect to the Superfund clean-up lien is without merit, in view of the provisions in the contract concerning this matter and the information furnished to him at the bid calling.

. . . .

Finally, the Court finds that [Rice] failed to carry his burden of proof on the issue of fraudulent misrepresentation with respect to the state of the property.

. . . .

Likewise, the Court further finds that Rice failed to carry his claim that Glascow [sic] violated the Consumer Protection Act, Tenn. Code Ann. § 47-18-104.

The court entered an order on 25 April 1995 incorporating its holdings in the memorandum opinion. Rice filed a timely "motion for new trial or alteration and amendment of judgment." The court denied the motion on 1 April 1996.

Thereafter, Rice filed a notice of appeal. It is Rice's contention that the trial court made the following three errors: 1) it failed to find that Glasgow failed to deliver an appropriate title insurance policy and that Rice was entitled to compensatory damages; 2) it found that Rice failed to satisfy his burden of proof as to the fraudulent misrepresentation claim; and 3) it found that Rice failed to satisfy his burden of proof as to the Consumer Protection Act claim.

Rice's first issue is: "Whether the trial court erred in not finding that Joe Rice as Counter-Plaintiff and Cross-Plaintiff was entitled to recover compensatory damages for the failure of Wayne B. Glasgow to deliver a title insurance policy without a title exception defect." In his brief and motion for a new trial, Rice argued that the basis for his claim was that Glasgow breached the contract when he failed to provide an appropriate title insurance policy. Rice argued:

Thus, the seller Wayne Glasgow breached his obligation to deliver clear title. Joe Rice was entitled to his earnest money as

well as compensatory damages.  Glasgow was on notice of his liability.  The contract also stated:

> Breach of contract by seller: . . . In the event of seller default the deposited money herewith deposited by the buyer shall be returned to the buyer by agent.  The buyer may sue for specific performance of this agreement or for damages, or both . . . .

Joe Rice exercised his right to seek damages.  He testified that the property was worth ONE HUNDRED THOUSAND ($100,000.00) DOLLARS if as represented on the day of sale. . . . Joe Rice is entitled to the benefit of his bargain and the trial court erred in not awarding him a judgment for SEVENTY TWO THOUSAND ($72,000.00) DOLLARS . . . .

The problem with this argument is that Rice's amended complaint did not include a breach of contract action and the ad damnum clause did not include a request for $72,000.00 in compensatory damages.  A court does not have to create a claim where none exists.  *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. App. 1994); *Brown v. City of Manchester*, 722 S.W.2d 394, 397 (Tenn. App. 1986).  The allegations of the complaint must provide the adverse party with sufficient notice of the allegations he or she is called upon to answer.  *Jasper Engine & Transmission Exch. v. Mills*, 911 S.W.2d 719, 720 (Tenn. App. 1995).  It is the opinion of this court that the amended complaint failed to provide Rice and Glasgow with sufficient notice of a breach of contract claim.  Rice can not recover for breach of contract when he did not allege such in his amended complaint.  Thus, the trial court did not err in failing to award Rice $72,000.00 in compensatory damages.

As to the remaining issues, this court is of the opinion that the evidence preponderates in favor of the trial court's findings.  This record fully supports the findings of the trial court that there was no evidence of any misrepresentation or of any violations of the Consumer Protection Act.

Therefore, pursuant to Rule 10 of the Rules of the Court of Appeals, we affirm the judgment of the trial court in all respects.  Costs on appeal are assessed against defendant/appellant, Joe M. Rice, and the cause is remanded to the trial court for any further necessary proceedings.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.


_____
WILLIAM C. KOCH, JR., J.