# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

AUGUST 1997 SESSION



**FILED**

**September 19, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **JONAH L. GANT,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 01C01-9609-CR-00405 |
| | ) | |
| vs. | ) | Davidson County |
| | ) | |
| **RICKY BELL, WARDEN and** | ) | |
| **STATE OF TENNESSEE,** | ) | Honorable Seth Norman, Judge |
| | ) | |
| Appellees. | ) | (Habeas Corpus) |
| | ) | |

FOR THE APPELLANT:

SHAWN A. TIDWELL
Attorney at Law
Cummins Station
209-10th Ave., Ste. 511
Nashville, TN 37203

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

DARYL J. BRAND
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

VICTOR S. JOHNSON III
District Attorney General

JAMES W. MILAM
Assistant District Attorney General
Washington Square
222 Second Ave. North, Ste. 500
Nashville, TN 37201-1649

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

## OPINION

The petitioner, Jonah L. Gant, appeals the denial of the Davidson County Criminal Court's denial of his petition for the writ of habeas corpus. The petitioner challenges the constitutionality of a sentence which he completed serving in 1984, contending (1) the Sentencing Reform Act of 1989 and its predecessors should be struck down because they violate separation of powers requirements by allowing the judicial branch to determine when an offender will first be eligible for parole, a power belonging to the executive branch, and (2) the current and past sentencing statutes violate the requirement that all sentences be of determinate length by mandating minimum percentages that must be served before parole eligibility accrues, although parole may not be granted once this portion of the sentence has been served.[1] The trial court found the petitioner was not entitled to habeas corpus relief because he is not being illegally detained as a result of the sentence of which he complains.[2] Following a review of the record, we affirm the judgment of the trial court.

In Tennessee, the writ of habeas corpus is available only when the judgment under attack is void or when the prisoner is held in custody after his term of imprisonment has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); Rex Winfield Heaton v. Ricky Bell, No. 01C01-9303-CC-00096, slip op. at 2 (Tenn. Crim. App., Nashville, Nov. 24, 1993). Standing to bring such an action is conferred on "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever," with certain exceptions not pertinent here. Tenn. Code Ann. § 29-21-101 (1980).

---

[1]The petitioner alleges his sentence was "10 to 20 years" for second degree murder. No judgment document appears in the record, although the state does not contest the correctness of the petitioner's uncorroborated statement. The petitioner's challenge pertaining to determinate sentencing does not directly attack his "10 to 20 years" sentence.

[2]The petitioner is currently incarcerated for other sentences he received in 1985. For a procedural description of the petitioner's earlier proceedings, see Jonah L. Gant v. State, No. 01C01-9412-CR-00420 (Tenn. Crim. App., Nashville, Aug. 11, 1995), perm. app. denied (Tenn. 1995).

The appellant complains of an allegedly void sentence. He admits, however, he has fulfilled the terms of the sentence. He contends he is nevertheless a proper petitioner because any future punishment he may earn as a result of criminal activity may be enhanced based upon his 1974 sentence. What the petitioner fails to address, and what we find determinative, is that the petitioner's 1974 conviction, not sentence, would be used to enhance future punishment. See Tenn. Code Ann. §§ 40-35-106 to -108 (1990) (establishing enhanced punishment categories based on prior convictions). The petitioner has not alleged constitutional infirmity of his conviction. Moreover, if his claim of a constitutionally void sentence was found to have merit, he would be entitled only to a new sentencing proceeding, not a setting aside of his underlying conviction. See State v. Williams, 575 S.W.2d 948, 949-50 (Tenn. 1978). Because the petitioner has fully satisfied his sentence and is no longer restrained of his liberty pursuant to that sentence, he is without grounds to challenge it in habeas corpus proceedings.

The court below properly dismissed the petition, and its judgment is affirmed.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOE G. RILEY JR., JUDGE

_____
JOSEPH H. WALKER, III, SPECIAL  JUDGE