IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 14, 2000

## RONALD L. DAVIS v. HERSHELL D. KOGER

**Appeal from the Chancery Court for Maury County**
**No. 98-773     Stella L. Hargrove, Judge**

---

**No. M2000-01598-COA-R3-CV - Filed February 6, 2001**

---

This appeal involves a dispute between a convicted felon and the lawyer appointed to represent him in his efforts to reopen his post-conviction challenge to his conviction. After the efforts to set aside his conviction proved unsuccessful, the prisoner sued the lawyer in the Chancery Court for Maury County arguing that his civil rights had been violated because his lawyer had conspired with the prosecutor and the trial judge to prevent him from obtaining the post-conviction relief to which he believed he was entitled. The lawyer denied these allegations, and the prisoner moved for a summary judgment. On June 15, 2000, the trial court summarily dismissed the prisoner's complaint on two grounds. First, the court concluded that it did not have subject matter jurisdiction to consider claims regarding the denial of the prisoner's request for post-judgment relief. Second, the trial court concluded that the prisoner had failed to state a claim upon which relief can be granted. We affirm the dismissal of the prisoner's complaint.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Ronald L. Davis, Henning, Tennessee, Pro Se.

Hershell D. Koger, Pulaski, Tennessee, Pro Se.

**OPINION**

Late one evening in May 1982, Ronald Davis and Tommy Lee King robbed the owner and patrons of the Third Street Inn in Columbia. They ordered the owner and the patrons to lie on the floor, and then Mr. King cold-bloodedly shot and killed the tavern owner. Mr. Davis and Mr. King escaped in the slain man's car but were later apprehended and prosecuted. Mr. King was convicted of first degree murder and was sentenced to death. In November 1982, a Maury County jury convicted Mr. Davis of aiding and abetting murder in the second degree, and he was sentenced to

serve ninety-nine years.  Mr. Davis's conviction was later upheld on direct appeal[1] and in two post-conviction proceedings[2] and one habeas corpus proceeding.[3]

Mr. Davis has become quite familiar with the judicial system during his incarceration.[4]  In mid-1996, he filed a motion in the Circuit Court for Maury County to reopen his post-conviction challenge to his conviction.  In August 1997, after Mr. Davis and his first appointed lawyer had an irreconcilable disagreement, the circuit court appointed Hershell D. Koger, a lawyer from Pulaski, to represent Mr. Davis.

Mr. Davis quickly began trying to dictate Mr. Koger's trial strategy.  In addition to the grounds for post-conviction relief that Mr. Koger intended to raise on his behalf, Mr. Davis insisted that Mr. Koger argue that his sentence was "void illegal" because it had been imposed by the jury rather than the trial judge.  To placate Mr. Davis, Mr. Koger included this ground in his motion, even though it had little legal merit.[5]  The most significant argument Mr. Koger was advancing on Mr. Davis's behalf, in accordance with Tenn. Code Ann. § 40-30-217(a)(1) (1997), was based on the Tennessee Supreme Court's opinion in *State v. Trusty*, 919 S.W.2d 305 (Tenn. 1996), *overruled in part*, *State v. Doming*, 6 S.W.3d 472, 475 (Tenn. 1999).

---

[1] *Davis v. State*, No. 83-22-III (Tenn. Crim. App. Sept. 11, 1984), *perm. app. denied concurring in results only* (Tenn. Jan. 7, 1985).

[2] *Davis v. State*, No. 85-251-III, 1986 WL 5469 (Tenn. Crim. App. May 13, 1986) (No Tenn. R. App. P. 11 application filed) (affirming denial of the first petition for post-conviction relief); *Davis v. State*, No. 89-77-III, 1989 WL 71039 (Tenn. Crim. App. June 29, 1989), *perm. app. denied* (Tenn. Sept. 25, 1989) (affirming denial of the second petition for post-conviction relief).

[3] *Davis v. Morgan*, No. M1999-00965-CCA-R3-PC, 1999 WL 1073702 (Tenn. Crim. App. Nov. 29, 1999), *perm. app. denied* (Tenn. May 15, 2000).

[4] Mr. Davis's Tenn. Code Ann. § 41-21-805 (1997) affidavit reveals that since 1997, he has filed thirty-four different lawsuits in state court alleging everything from racial discrimination to conspiracy to "denial of copying services."  He also serves as an "inmate legal advisor" assisting other prisoners in preparing and filing their lawsuits. *Davis v. Holland*, 31 S.W.3d 574, 574 (Tenn. Ct. App. 2000) (stating that Mr. Davis works as "an inmate legal advisor" for prisoners at the West Tennessee High Security Facility).

[5] When Mr. Davis committed his crime in 1982, aiding and abetting second degree murder was punishable as a Class X felony by a determinate life sentence or any number of years not less than ten.  The sentence was imposed by the jury. *State v. Williams*, 575 S.W.2d 948, 949 (Tenn. 1978).  The Tennessee Criminal Sentencing Reform Act of 1982 which replaced jury sentencing with judge sentencing did not apply to crimes committed prior to July 1, 1982. Tenn. Code Ann. § 40-35-112(a) (repealed 1989).  The Tennessee Court of Criminal Appeals has rejected an illegal sentencing argument similar to the one Mr. Davis makes in this case. *Taylor v. Morgan*, M1999-01416-CCA-R3-PC, 2000 WL 1278373, at *3 (Tenn. Crim. App. Aug. 31, 2000) (Tenn. R. App. P. 11 application filed Nov. 2, 2000).  The Tennessee Court of Criminal Appeals has also dismissed Mr. Davis's habeas corpus petition based on this theory. *Davis v. Morgan*, supra, note 3.

In March 1998, the circuit court heard Mr. Davis's motion to reopen his petition for post-conviction relief. During the hearing, the judge challenged Mr. Koger to set forth clearly which of Mr. Davis's multiple claims for relief he was advancing as meritorious. Mr. Koger candidly responded that he believed that the *State v. Trusty* argument was his strongest argument. With regard to the illegal sentencing issue that Mr. Davis had insisted on raising, Mr. Koger informed the circuit court that

> [O]ur final [issue] was that the defendant didn't receive a sentencing hearing and quite candidly I looked up the old law on that. This offense was alleged to have occurred on May 27th, I believe, in 1982, and the statute that took away jury sentencing and started judge sentencing, and the comments applies only to offenses committed on or after July 1, 1982. So candidly I don't think we've got a valid claim on that and I know of nothing of it being a retroactive application.

In March 1998, after considering all of Mr. Davis's arguments, the circuit court denied Mr. Davis's motion to re-open his post-conviction petition. The court noted:

> All of those issues that you've just itemized have either been adjudicated on the direct appeal in the first PCR or was waived, except possibly those *Trusty* issues and this court has concluded that one, that's not a newly established right and that even if it was Mr. Davis wouldn't be able to fit his case under that holding because it's distinguishable in light of the indictment, the jury instructions, and the verdict in the Davis case.

In December 1998, Mr. Davis filed this suit in the Chancery Court for Maury County alleging that his civil rights have been violated during the March 1998 proceedings because Mr. Koger had "intentionally with malice denied to make the court aware of [Mr. Davis's] void illegal sentence." He also asserted that Mr. Koger "intentionally conspired with the assistant attorney general to have [Mr. Davis] further confined [in prison] knowing that a grave error existed."[6] In his answer to Mr. Davis's complaint, Mr. Koger denied playing a role in any conspiracy to prevent Mr. Davis from obtaining post-conviction relief and described the ethical constraints preventing him from advancing Mr. Davis's "illegal sentence" argument. He also denied that he was "acting under

---

[6]Mr. Davis had previously filed another suit regarding his conspiracy theory. In that action, he had asserted that the trial court, the prosecuting attorney, and the two lawyers appointed to assist him with his first petition for post-conviction relief had been partners in a conspiracy to prevent him from obtaining post-conviction relief. This suit proved to be without merit. *Davis v. Weatherford*, No. 01A01-9903-CV-00159, 1999 WL 969648 (Tenn. Ct. App. Oct. 26, 1999) *perm. appeal denied* (Tenn. Feb. 14, 2000). As we read Mr. Davis's complaint in this case, he evidently considers Mr. Koger to be a member of the same conspiracy.

color of law" while he was representing Mr. Davis and asserted that Mr. Davis's complaint failed to state a claim upon which relief can be granted.

Thereafter, Mr. Davis filed a motion for summary judgment. In a supporting affidavit, he argued that "attorney Koger did not represent me adequately due to my redress to Government against state officials [*sic*] which he then became part of a conspiracy to help keep me confined longer with a void illegal sentence [and] [t]hat attorney Koger also conspired with state officials by poorly drafting of my motion to reopen [my] post conviction [petition] intentionally with malice." On June 15, 2000, the trial court dismissed Mr. Davis's lawsuit on essentially two grounds. First, the trial court concluded that it did not have subject matter jurisdiction to consider Mr. Davis's substantive claims regarding the denial of his petition for post-conviction relief. Second, the trial court concluded that Mr. Davis's complaint failed to state a claim under 42 U.S.C.A. §§ 1983, 1985(3) (West 1994) or any other cause of action. Mr. Davis has appealed from that decision.

# I.
## STANDARD OF REVIEW

Our role when reviewing summary judgments is well-settled. Summary judgments enjoy no presumption of correctness on appeal. *City of Tullahoma v. Bedford County*, 938 S.W.2d 408, 412 (Tenn. 1997); *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn. 1996). Accordingly, reviewing courts must make a fresh determination concerning whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn. 1997). Summary judgments are appropriate only when there are no genuine factual disputes with regard to the claim or defense embodied in the motion and when the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995); *Hart v. Tourte*, 10 S.W.3d 263, 268 (Tenn. Ct. App. 1999).

Courts reviewing summary judgments must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 792 (Tenn. 1996). Thus, a summary judgment should be granted only when the undisputed facts reasonably support one conclusion -- that the moving party is entitled to a judgment as a matter of law. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d at 26. A party may obtain a summary judgment by demonstrating that the nonmoving party will be unable to prove an essential element of its case, *Byrd v. Hall*, 847 S.W.2d 208, 212-13 (Tenn. 1993), because the inability to prove an essential element of a claim necessarily renders all other facts immaterial. *Alexander v. Memphis Individual Practice Ass'n*, 870 S.W.2d 278, 280 (Tenn. 1993); *Strauss v. Wyatt, Tarrant, Combs, Gilbert & Milom*, 911 S.W.2d 727, 729 (Tenn. Ct. App. 1995).

## II.
### THE DENIAL OF MR. DAVIS'S PETITION TO REOPEN HIS CLAIM FOR POST-CONVICTION RELIEF

We turn first to the trial court's conclusion that it was not the proper forum to entertain Mr. Davis's claims to the extent they involved the denial of his petition for post-conviction relief. We need not tarry long because Tenn. Code Ann. §§ 40-30-204(a), -217(a) (1997) clearly require petitions for post-conviction relief to be filed in the trial court where the petitioner was originally convicted. Filing in the proper court is a "jurisdictional prerequisite" for any claim seeking post-conviction relief. *Oliphant v. State*, 806 S.W.2d 215, 217 (Tenn. Crim. App. 1991). Mr. Davis was convicted in the Circuit Court for Maury County, making it the place for any post-conviction challenges. Accordingly, the trial court correctly concluded that the Chancery Court for Maury County could not entertain Mr. Davis's claims seeking post-conviction relief directly or indirectly.

## III.
### MR. DAVIS'S CIVIL RIGHTS CLAIM

We turn next to Mr. Davis's civil rights claim. To state a claim under 42 U.S.C.A. § 1983, a plaintiff must allege facts showing (1) that he or she has been deprived of some identifiable right secured by the Constitution and laws of the United States and (2) that the person who deprived him or her of these rights was acting under color of state law. Mr. Davis's claim against Mr. Koger cannot satisfy the second requirement because court appointed counsel are not acting under color of state law when they are representing a defendant in a state criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S. Ct. 445, 453 (1981); *Driver v. Howard County Pub. Defender's Office*, 575 N.E.2d 1001, 1005 (Ind. Ct. App. 1991). Because Mr. Koger was serving as Mr. Davis's court-appointed counsel with regard to reopening the post-conviction proceeding, he was not acting under color of state law.

Private persons may, however, be found to be acting under color of state law if they are engaged in a conspiracy with state officials to deprive another person of his or her federal rights. *Tower v. Glover*, 467 U.S. 914, 920, 104 S. Ct. 2820, 2824 (1984); *Humphreys v. Nager*, 962 F. Supp. 347, 352 (E.D.N.Y. 1997). To avoid tying up the resources of the parties and the courts in wild goose chases, claims based on conspiracies to violate civil rights must be pled with factual specificity. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990); *Dolin ex rel. N.D. v. West*, 22 F. Supp. 2d 1343, 1350 (M.D. Fla. 1998). Instead of bald allegations that a conspiracy existed, the plaintiff must plead enough operative facts to give rise to a reasonable inference that a conspiracy existed, *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987); *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Thus, civil rights plaintiffs relying on a conspiracy theory must provide some details of the time, place, and alleged effect of the conspiracy. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1449 (9th Cir. 1994); *Humphreys v. Nager*, 962 F. Supp. at 352. Complaints lacking the required specificity are subject to dismissal. *Swoboda v.*

*Dubach*, 992 F.2d 286, 290 (10th Cir. 1993); *Lynch v. Cannatella*, 810 F.2d at 1369-70; *Martin v. Delaware Law Sch.*, 625 F. Supp. 1288, 1297 (D.De. 1985).

These rules developed over the years by the federal courts dovetail with our general rules of pleading. Tenn. R. Civ. P. 8.01(1) requires plaintiffs to provide plain statements in their complaints demonstrating that they are entitled to the relief they seek. While pleaders are not required to recite in minute detail all the facts giving rise to their claims, they must include in their complaint some direct factual allegations on every material point that is relevant to their causes of action. *Donaldson v. Donaldson*, 557 S.W.2d 60, 61-62 (Tenn. 1977); *Jasper Engine & Transmission Exch. v. Mills*, 911 S.W.2d 719, 720 (Tenn. Ct. App. 1995).

Mr. Davis is untrained in the law and is representing himself in this proceeding. Accordingly, no matter how frequently he litigates on behalf of himself and others, we must hold his pleadings to less stringent standards than pleadings drafted by lawyers. *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998); *Fox v. Tennessee Bd. of Paroles*, No. 01A01-9506-CH-00263, 1995 WL 681135, at *3 (Tenn. Ct. App. Nov. 17, 1995) (No Tenn. R. App. P. 11 application filed). However, we must be mindful of the boundary between fairness to a pro se prisoner and unfairness to the State of Tennessee. Thus, we cannot excuse Mr. Davis from complying with the same substantive and procedural rules that represented parties are expected to observe, *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995), and we cannot create claims from pleadings where none exist. *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994); *Brown v. City of Manchester*, 722 S.W.2d 394, 397 (Tenn. Ct. App. 1986).

Mr. Davis's claim rests on nothing more than his erroneous belief that he was entitled to be sentenced under the Tennessee Criminal Sentencing Reform Act of 1982 and his dissatisfaction with the emphasis his two appointed lawyers placed on his meritless argument that he was somehow deprived of a sentencing hearing. No matter how liberally we view Mr. Davis's complaint, we have been unable to discover sufficiently precise factual allegations to give rise to a reasonable inference that Mr. Koger conspired with a judge of the Circuit Court of Maury County and the Office of the District Attorney General for the Twenty-Second Judicial District to deprive Mr. Davis of his federally-protected civil rights. Nowhere does he show how Mr. Koger's justified lack of enthusiasm for his illegal sentence claim arose from any sort of collusion with the prosecution or the judge presiding at the hearing. Accordingly, we concur with the trial court's conclusion that Mr. Davis's complaint fails to state a claim for relief under 42 U.S.C.A. §§ 1983, 1985(3) or under any other theory.

## IV.

We affirm the judgment dismissing Mr. Davis's "Complaint for Violation of Civil Rights" and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Ronald L. Davis for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE