(900 P.2d 850)

No. 70,918

DEBORAH WALKER, *Appellant/Cross-Appellee*, v. BOARD OF EDUCATION, UNIFIED SCHOOL DISTRICT NO. 499, CHEROKEE COUNTY, KANSAS, *Appellee/Cross-Appellant*.

Opinion filed March 10, 1995.

*C. A. Menghini* and *Henry C. Menghini*, of Menghini & Menghini, of Pittsburg, for appellant/cross-appellee.

*Larry A. Prauser*, of Columbus, and *Fred W. Rausch, Jr.*, of Topeka, for appellee/cross-appellant.

Before ROYSE, P.J., ELLIOTT, J., and JEAN F. SHEPHERD, District Judge, assigned.

ELLIOTT, J.: Deborah Walker appeals the trial court's findings upholding the U.S.D. No. 499 Board of Education's (Board) non-renewal of her teaching contract. The Board cross-appeals the trial court's finding that it did not afford Walker a required pretermination hearing, thus awarding her back pay.

We affirm in part, reverse in part, and remand. The cross-appeal is affirmed.

The procedural history of this case is somewhat involved. Initially, the trial court entered its judgment that the evidence supported the Board's nonrenewal of Walker's contract but took the issue of back pay under advisement. While awaiting that decision, Walker filed her first appeal.

Later, the trial court ruled Walker was entitled to back pay but reserved a ruling on the question of interest and whether the back pay should be offset by wages earned and unemployment compensation received. Subsequently, the trial court ruled she was entitled to interest but that the back pay should be offset by wages and unemployment compensation. Walker then filed her second appeal, raising the offset issue, and the Board filed its cross-appeal, raising the issue of whether Walker received a pretermination hearing.

In its brief, the Board "generally agrees with many of [Walker's] statement[s] of fact" and states "the record will reveal the actual facts." Since the Board's brief only rarely cites to the record, we have combed the voluminous record on appeal in an effort to ascertain the relevant facts.

As a final preliminary matter, we ordered the parties to brief whether Walker's request for a due process hearing was timely filed pursuant to K.S.A. 1990 Supp. 72-5438. At oral argument, the parties convinced us the notice was timely within the legislative intent. We thus have jurisdiction. Cf. *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). Further, we have applied the 1990 versions of the applicable statutes since Walker's due process hearing was conducted during the summer of 1990.

## The due process hearing issue

Walker argues the hearing committee erroneously denied her the opportunity to question Board members regarding discussions while in executive session, thus denying her procedural due process.

We agree.

Walker's theory has always been that the Board decided at the end of her first year of probation that it wanted to terminate her but did not have sufficient evidence to do so. Thus, she argues the Board set out on a deliberate course to build a file to support nonrenewal of her contract.

During the due process hearing, Walker attempted to question Board members regarding their "plan." The hearing committee ruled that even though the evidence was relevant, she could not inquire about anything occurring during executive session. On her appeal to the district court, the court allowed her to depose those Board members and administrators who participated in the decision to nonrenew her contract. By that time, however, collective amnesia had set in. All of the deposed Board members and administrators could not remember what was discussed in executive session, neither specifics nor generalities. Every Board member clearly recalled reading the entire 1,145-page transcript of the due process hearing, but none of them (except Dennis Hart), and none of the five administrators, could remember anything about discussions of Walker that occurred in any executive session. This was so even though Walker apparently was the only teacher in the district to have a nonrenewal hearing for 15 years. See *Unruh v. U.S.D. No. 300*, 245 Kan. 35, 40-42, 775 P.2d 171 (1989).

K.S.A. 72-5439 (Ensley 1985) provides that the due process hearing shall afford procedural due process, including the right to cross-examine witnesses and the right of the teacher to a fair and impartial decision. K.S.A. 72-5442 (Ensley 1985) states: "All relevant evidence shall be admissible, except that the hearing committee may in its discretion exclude any evidence if it believes that its probative value is substantially outweighed by the fact that its admission will necessitate undue consumption of time."

In *Gillett v. U.S.D. No. 276*, 227 Kan. 71, 605 P.2d 105 (1980), the court comprehensively reviewed certain concepts and principles with respect to terminating tenured teachers. There, the court stated:

> "*The purpose of the due process hearing granted a teacher by statute is to develop the grounds that have induced the board to give the teacher notice of its desire to discontinue her services, and to afford the teacher an opportunity to test the good faith and sufficiency of the notice.* The hearing must be fair and just, conducted in good faith, and dominated throughout by a sincere effort to ascertain whether good cause exists for the notice given. If it does not, or if the hearing was a mere sham, then justification for the board of education's action is lacking." 227 Kan. at 78. (Emphasis added.)

In our view, the hearing committee's evidentiary ruling hindered the development of "the grounds" that induced the Board to give Walker notice and Walker's opportunity to test the Board's "good faith."

In seeking to question Board members about what happened during executive session, Walker's counsel waived any right to privacy she might have under K.S.A. 75-4319(b)(1) of the Kansas Open Meetings Act. The Board's attorney said it did not waive its privacy privilege.

In *State v. U.S.D. No. 305*, 13 Kan. App. 2d 117, 764 P.2d 459 (1988), we suggested the purpose of the "personnel matters" section of the Open Meetings Act is to protect privacy rights of employees, save personal reputations, and encourage qualified people to seek government employ. 13 Kan. App. 2d at 119, citing Tacha, *The Kansas Open Meetings Act: Sunshine on the Sunflower State?*, 25 Kan. L. Rev. 169, 195 (1977).

In the present case, the hearing committee not only did not follow the mandate of 72-5442(g) (all relevant evidence shall be admissible), but also erred in its interpretation of 75-4319(b)(1). Simply put, this violated Walker's right to a fair hearing and therefore violated her due process rights.

Our finding that Walker's due process rights were violated leads us to a final question: Was the hearing committee's ruling harmless error? Here, Walker's theory was that the Board conspired to terminate her contract. Regardless of whether we view this question

in a constitutional sense or a statutory sense, the result is the same. Compare *State v. White*, 246 Kan. 28, 37, 785 P.2d 950 (1990) (in the constitutional sense, in order to declare an error harmless, we must state beyond a reasonable doubt that the error had little, if any, likelihood of changing the result), with *Tamplin v. Star Lumber & Supply Co.*, 251 Kan. 300, Syl. ¶ 3, 836 P.2d 1102 (1992) (if error is merely statutory, it is harmless *if* it does not prejudice the substantive rights of a party).

Under either standard, the hearing committee's ruling was not harmless. Walker did not receive a fair hearing.

This brings us to Walker's second appeal concerning the offset rulings and the Board's cross-appeal concerning whether Walker received a pretermination hearing. The question of whether Walker received a pretermination hearing is controlled by *McMillen v. U.S.D. No. 380*, 253 Kan. 259, 855 P.2d 896 (1993): A tenured teacher is entitled to receive salary until granted a pretermination hearing, or the end of the contract year, whichever occurs last.

Although Walker received a due process hearing, if she did not receive a pretermination hearing, her salary should not have been terminated until she filed her appeal. 253 Kan. at 271-72.

The superintendent testified the pretermination hearing occurred on March 9, 1990. According to the superintendent, at that time the Board had not yet decided whether to renew Walker's contract. Further, at the time, he did not have numerous evaluations with him, did not explain any of those evaluations to her, and did not mention any of the allegations listed in the Board's subsequent resolution of nonrenewal. The superintendent also stated Walker had an "opportunity" to respond, although the entire meeting lasted only 5-10 minutes.

Was Walker advised of the charges against her; was she given an explanation of the nature of the evidence; was she given an opportunity to respond and explain? We have no hesitancy in holding the trial court correctly held that Walker was not given a pretermination hearing. She may or may not have had an opportunity to respond to Sutton's 263 pages of evaluations, observations, and directives—which Christman did not have with him—or to the Board's 19 allegations against her (they were not yet drafted)—in

a 5-10-minute meeting. Christman, however, did not and could not have advised Walker of the charges against her because they had not yet been drafted.

Because the trial court correctly held Walker did not receive a pretermination hearing, it properly awarded back pay. On her second appeal, Walker urges the trial court erred in reducing her back pay by the amount of wages earned and unemployment compensation benefits received.

In *Masterson v. Boliden-Allis, Inc.*, 19 Kan. App. 2d 23, 865 P.2d 1031 (1993), we held an employer's liability for breach of an employment contract must be reduced by the amount of unemployment benefits received subsequent to the breach. 19 Kan. App. 2d 23, Syl. ¶ 2. *Masterson* has support in *McMillen v. U.S.D. No. 380*, 253 Kan. 259, where the court held a terminated teacher is free to seek employment elsewhere and, if successful in the litigation, is entitled to back pay, subject to any collateral issues which might be relevant. 253 Kan. at 271.

The trial court did not err in reducing Walker's back pay award by the amount of unemployment benefits received. If the journal entry is incorrect in stating the amount of unemployment benefits at $3,930, the trial court can correct the amount of the offset on remand.

In summary, Walker is entitled to reinstatement due to the violations of her due process rights, but the amount of her back pay award was properly offset by the amount of wages earned and unemployment benefits received. The Board may have had valid reasons for not renewing Walker's contract. But the reasonableness of the Board's actions are separate and distinct from the violations of Walker's procedural due process rights. She is entitled to a fair hearing, which includes an opportunity to present her side of the case. This was denied her. If Walker is to be terminated, it must be properly done.

Affirmed in part, reversed in part, and remanded as to Walker's appeal. The Board's cross-appeal is affirmed.