Marilyn CHILDS, Plaintiff–Appellant,

v.

ROANE COUNTY BOARD OF
EDUCATION, et al., De-
fendants–Appellees.

Court of Appeals of Tennessee,
Eastern Section.

April 24, 1996.

Permission to Appeal Denied by
Supreme Court Sept. 9, 1996.

David A. Stuart, Stuart & Van Riper, Clinton, for Plaintiff–Appellant.

Robert G. Wheeler, Jr., and Charles W. Cagle, Lewis, King, Krieg, Waldrop & Canton, Nashville, and J. Scott McCluen, Harriman, for Defendants–Appellees.

## OPINION

FRANKS, Judge.

The Roane County Board of Education (Board) dismissed plaintiff from her position as a tenured teacher, and she brought this action claiming the Board violated the Teacher Tenure Act in that the Board's decision was arbitrary and capricious and that her dismissal did not comport with due process.

The Chancellor determined the evidence supported the Board's findings that Plaintiff had committed acts which demonstrated inefficiency, incompetence, neglect of duty, and insubordination. He also determined that the hearings, held in three sessions, satisfied the requirements of the Teacher Tenure Act and met due process standards.

Plaintiff has appealed, insisting the Board's decision was arbitrary and capricious.

Courts are reluctant to substitute their judgment for that of a school board where its exercise of judgment does not violate the law. *State ex rel. Thompson v. Walker*, 845 S.W.2d 752 (Tenn.App.1992). It is presumed that actions of a board are not arbitrary and capricious, but are reasonable unless there is clear evidence to the contrary. *Mitchell v. Garrett*, 510 S.W.2d 894, 898 (Tenn.1974).

The record is replete with testimony that plaintiff was unable to control her classroom, maintained questionable methods for determining students' grades, and required extraordinary assistance from school administrators and parents to enforce discipline. Given this evidence, the Board's finding that plaintiff's incompetence, inefficiency, insubor-

dination, and neglect of duty warranted her dismissal, was not arbitrary and capricious.

Following the trial before the Chancellor, plaintiff sought leave to amend her pleadings to charge the violation of a policy of the Roane County Board of Education, which required the School Superintendent to provide a tenured teacher with advanced written warning prior to dismissal from employment. The Trial Court overruled the motion which plaintiff insists was erroneous. Plaintiff argues that the issue of notice by the superintendent, as required by county policy, was tried by implied consent, and the Trial Court should have allowed amendment of the complaint to include this issue, citing T.R.C.P. 15.02.[1]

The Chancellor stated that he did not allow the amendment because "further amendment is unnecessary. The complaint already sets forth in broad terms allegations which state a cause of action under the statute governing review." The language of the complaint alleges statutory and constitutional violations generally and then goes on to specify several charges. The constitutional violations alleged include due process deprivations.

Trial of an issue by implied consent will be found when a party opposed to the motion knew or should reasonably have known of the evidence relating to the new issue, did not object to this evidence, and was not prejudiced thereby. *Zack Cheek Builders, Inc. v. McLeod,* 597 S.W.2d 888 (Tenn. 1980). Here the *Policies of the Roane County Board of Education* was introduced into evidence during the trial. However, it was introduced in the context of a discussion of discrepancies in Appellant's personnel file and contract provisions setting out grievance procedures. The record does not show that the issue of a lack of written warning by the superintendent was raised at any time in the hearings. Had the issue been clearly raised or even mentioned, additional testimony might have been elicited from the superintendent to deal with this issue. The Board

could not have reasonably known that the policy violation was being raised and the amendment should not be based on those grounds. *See Lapray v. Smith,* 804 S.W.2d 87 (Tenn.App.1990). However, the Chancellor's finding that the vaguely worded complaint raising due process issues sufficed to raise the violation of the Board's policy is appropriate under the circumstances of this case.

Plaintiff strenuously insists that the Board's action was a denial of her due process rights. The policy of the Roane County Board of Education Art. IV. § C(16), p. 305, 1975, requires that:

> Any time the performance of an employee has reached the level considered unsatisfactory and which could lead to dismissal, the superintendent shall issue a written warning to the employee involved. After warning is given, the employee shall be given a reasonable time to improve his [sic] performance.

The Board concedes that such notice was not given. The record shows that the only written notice Appellant received from the superintendent of schools was a letter dated August 28, 1992, informing her of the charges to be considered by the Board of Education and her rights under the dismissal procedures of the Teacher Tenure law, (T.C.A. § 49–5–511).

There can be little doubt that failure to follow policy can be a due process violation. *See Vitarelli v. Seaton,* 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959). (Secretary of Interior was bound by regulations which he had promulgated for dismissals on grounds of security, even though he would not have had to comply with such guidelines if he had proceeded against the employee on different grounds). However, it is important to note that *Vitarelli* did not necessarily require strict adherence to the additional dismissal policy. The Court found that the dismissal in that case was void because the proceedings fell "substantially

---

1. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

short of requirements". *Vitarelli,* 359 U.S. at 544, 79 S.Ct. at 975. The Roane County Board of Education was bound by its policy, but we conclude it substantially complied with its policy.

The actions of the principal substantially served the purposes behind the County policy, by repeated warnings and the amount of time given for improvement.

Plaintiff's testimony at her dismissal hearing and written records kept by the principal show that early in the school year plaintiff was made aware that her job was in jeopardy. She testified that during her second year at Rockwood Junior High, "in the fall Mr. Thompson began telling me that he could not recommend me back next year and that I would not have a job for the next year". She also stated "Mr. Thompson was very upset with me because my classroom wasn't being run better, and he let me know that on a daily basis." The record shows that the principal gave plaintiff numerous written notices of unsatisfactory performances and problems. These warnings were made over a period of months, and raised numerous concerns about plaintiff's performance. We conclude these warnings were sufficiently numerous, specific, and serious so as to warn plaintiff that she had to improve her performance or lose her position. These notices were given months before the end of the school year and gave Appellant "reasonable time to improve."

■ Our Supreme Court has said that courts should not interfere with the action of a Board of Education on procedural grounds except in "the clearest case of material disregard by the Board of the procedural requirements of the statute [the Teacher Tenure Act] or a showing of prejudice." *Potts v. Gibson,* 225 Tenn. 321, 469 S.W.2d 130 (1971). The requirement of a showing of prejudice has not been developed further by our courts. However, the harmless error standard comports with the reasoning other courts have employed in dealing with due process requirements. *See Gilbertson v. McAlister,* 383 F.Supp. 1107 (D.Conn.1974); *Walker v. Board of Education,* 21 Kan. App.2d 341, 900 P.2d 850 (1995); *State v. White,* 246 Kan. 28, 785 P.2d 950 (1990).

Moreover, a statutory error may be harmless if it does not prejudice the substantive rights of a party. *Tamplin v. Star Lumber and Supply Co.,* 251 Kan. 300, 836 P.2d 1102 (1992).

■ Plaintiff's testimony shows that plaintiff suffered no prejudice by the County's failure to follow its rule that written notice be issued by the Superintendent. She had abundant notice, at least six months before the end of the school year, that her work was not satisfactory and that these problems would lead to her dismissal. The apparent purpose of the County policy, to convey the threat of dismissal and to give the teacher reasonable time to correct the situation, was satisfied by the principal's warnings. We conclude that plaintiff was not prejudiced by the lack of notice and failure to follow the mentioned policy constituted harmless error.

The plaintiff charges other irregularities in the hearings before the Board, which we have considered and find to be without merit.

The judgment of the Trial Court is affirmed, and the cause remanded with the cost of the appeal assessed to the appellant.

GODDARD, P.J., and SUSANO, J., concur.