**Dariel D. HINSDALE, et al., Plaintiffs,**

**v.**

**CITY OF LIBERAL, KANSAS, et al., Defendants.**

**No. CIV.A. 96–1249–FGT.**

United States District Court, D. Kansas.

July 9, 1997.

## MEMORANDUM AND ORDER

THEIS, Senior District Judge.

This matter is before the court on the objections filed by the defendants (Doc. 59) to a memorandum and order of Magistrate Judge Reid. In that memorandum and order (Doc. 57), the magistrate judge denied the defendants' motion to certify a question to the Kansas Supreme Court and granted in part the plaintiffs' motion to compel discovery. *See Hinsdale v. City of Liberal, Kansas,* 961 F.Supp. 1490 (D.Kan.1997).

The issue raised by the various motions before the magistrate judge was whether executive sessions of the Liberal City Commission are privileged from discovery. The magistrate judge held that, except as to matters protected by the attorney-client privilege, statements made during executive sessions were not privileged from discovery. 961 F.Supp. at 1494–96. The magistrate judge declined to certify the question to the Kansas Supreme Court. *Id.* at 1492–94.

■ The standard of review of a magistrate judge's order is set forth in 28 U.S.C. § 636. As to nondispositive pretrial matters, the district court reviews the magistrate judge's order under a "clearly erroneous or contrary to law" standard of review. *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1461–62 (10th Cir.1988) (citing 28 U.S.C. § 636(b)(1)(A)). The clearly erroneous standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1464 (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). Because a magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will overrule the magistrate judge's determination only if this discretion is clearly abused. *Detection Systems, Inc. v. Pittway Corp.,* 96 F.R.D. 152, 154 (W.D.N.Y. 1982). *See also Sil–Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1514 (10th Cir.1990).

■ The defendants claim a privilege based on K.S.A. 75–4319(b), part of the Kansas Open Meetings Act, K.S.A. 75–4317 et seq. That act provides that meetings of governmental bodies are generally open to the public. K.S.A. 75–4318. Closed or executive sessions are allowed in certain situations. The act provides in relevant part that:

No subjects shall be discussed at any closed or executive meeting, except the following:

(1) Personnel matters of nonelected personnel;

(2) consultations with an attorney for the body or agency which would be deemed privileged in the attorney-client relationship;

. . . .

K.S.A. 75–4319(b). The defendants assert that this provision of the statute renders the matters discussed during executive session privileged from discovery in litigation.

Except as to matters covered by the attorney-client privilege, the magistrate judge rejected the defendants' privilege claim. This court finds nothing clearly erroneous in that ruling and therefore overrules the defendants' objections.

In his order, Magistrate Judge Reid first addressed the motion to certify the following question to the Kansas Supreme Court:

Does Kansas law recognize executive sessions of state and local governments, conducted pursuant to K.S.A. 75–4319(b), as privileged from disclosure in discovery or trial in civil litigation?

Doc. 47 at 1 (Defendants' motion to certify). After analyzing whether federal or state privilege law would apply in this case (which involves both federal and state law claims), the magistrate judge concluded that certification was not warranted. While state law on privilege could arguably apply to the pendent state law claims, Fed.R.Evid. 501 mandates the application of federal common law on privilege as to the federal question claims.

The magistrate judge concluded that since state law on privilege did not control as to the federal law claims, certification of the state privilege question was not necessary.

■ The decision to certify a question rests in the sound discretion of the federal district court. *Marzolf v. Gilgore,* 924 F.Supp. 127, 129 (D.Kan.1996). The defendants have not demonstrated that this discretion was abused. After considering the magistrate judge's ruling and all the matters before it, the court is not left with the definite and firm conviction that a mistake has been committed. Rather, the court agrees with the magistrate judge that certification was unnecessary.

To the extent any statements made during executive session of the Liberal City Commission implicate the attorney-client privilege, there is no dispute that those statements are privileged from disclosure. The larger question before the magistrate judge was whether K.S.A. 75–4319(b) creates a privilege from discovery in civil litigation. The magistrate judge concluded that K.S.A. 75–4319(b) did not create such a privilege. The court agrees with the magistrate judge's conclusion.

The language of the statute does not support a finding that all matters discussed in executive session are to be privileged. When the Kansas Legislature intends to create a privilege, it is able to do so in language that is clear and unambiguous. *See* K.S.A. 65–4915(b) (Supp.1996) (the records of peer review committees "shall be privileged and shall not be subject to discovery, subpoena or other means of legal compulsion for their release to any person or entity or be admissible in evidence in any judicial or administrative proceeding. Information contained in such records shall not be discoverable or admissible at trial in the form of testimony by an individual who participated in the peer review process."); K.S.A. 65–4925 (reports and records made pursuant to the risk management statutes are "confidential and privileged": "Such reports and records shall not be subject to discovery, subpoena or other means of legal compulsion for their release to any person or entity and shall not be admissible in any civil or administrative action other than a disciplinary proceeding by the appropriate state licensing agency."). Nota-

bly absent from the statutory provision (quoted above) governing executive sessions of governmental bodies is any similar language creating a discovery or evidentiary privilege.

■ The purpose of the personnel matters provision of the open meetings law to protect the privacy rights of employees, save personal reputations, and encourage qualified people to seek government employ. *Walker v. Board of Educ., U.S.D. No. 499,* 21 Kan. App.2d 341, 344, 900 P.2d 850, *rev. denied,* 257 Kan. 1097 (1995). Nothing in the statute shields the discussions from disclosure in civil litigation. An appropriately tailored protective order can be issued to ensure that any private matters are not disseminated to the public.

The clearly erroneous standard requires that the court affirm the decision of the magistrate judge unless, on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed. The court does not believe that the magistrate judge committed a mistake in his ruling. Rather, the court agrees with that ruling, which is well reasoned and supported by citations to relevant authority. Accordingly, the court shall overrule the objections and affirm the decision of the magistrate judge.

Although not specifically addressed in this opinion, the court has considered and hereby rejects the arguments made in the defendants' lengthy (50 page) memorandum.

**IT IS BY THIS COURT THEREFORE ORDERED** that defendants' objections to Magistrate Judge Reid's memorandum and order (Doc. 59) are hereby overruled.