# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY 19, 2006 Session

## PAMELA KAYE SMITH v. WILLIAM MICHAEL FAIR

### Direct Appeal from the Circuit Court for Shelby County
### No. 161106-04 R.D.     Rita L. Stotts, Judge

_____

### No. W2005-00455-COA-R3-CV - Filed April 28, 2006

_____

The parties were divorced in October of 1999. The final decree of divorce incorporated the parties' marital dissolution agreement which provided a formula for establishing the father's child support obligation. The father subsequently filed a petition to modify his child support obligation, which culminated in the entry of a consent order incorporating a permanent parenting plan utilizing essentially the same formula for establishing the father's child support obligation found in the marital dissolution agreement. Shortly thereafter, father retained new counsel and filed another petition to modify his child support obligation seeking to have it set at $2,100 a month pursuant to the child support guidelines. In response, the mother filed a motion to dismiss the petition for, among other reasons, failure to state a claim upon which relief could be granted. At a hearing on the mother's motion, the father presented several exhibits which were considered by the trial court, thereby converting the motion to dismiss into a motion for summary judgment. The trial court dismissed the father's petition for, among other reasons, failure to state a claim for which relief could be granted. The father timely filed an appeal to this Court. On appeal, the mother requests her attorney's fees incurred in defending this appeal. We affirm the trial court's decision, and we remand this case to the trial court for the entry of an order awarding the mother her reasonable attorney's fees.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Mitchell D. Moskovitz, Adam N. Cohen, Memphis, TN, for Appellant

John C. Ryland, Memphis, TN, for Appellee

**OPINION**

# I.
### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 13, 1999, the Circuit Court of Shelby County entered a Final Decree of Divorce granting Pamela Kaye Smith ("Mother" or "Appellee") an absolute divorce from William Michael Fair ("Father" or "Appellant"). The decree incorporated a Marital Dissolution Agreement ("MDA") executed by the parties. The MDA provided that Mother would retain custody of the parties' minor daughter, and Father would receive visitation. Pursuant to the MDA, Father was to pay child support as follows:

> 4. <u>CHILD SUPPORT</u>. Commencing on the first day of the first month following the execution of this Marital Dissolution Agreement, [Father] shall pay to [Mother] in child support the sum of $1,500. [Father] shall pay to [Mother], as additional child support, on or before February 1 of each year an amount equal to 21% of the amount by which [Father's] net income (as defined by the Tennessee Child Support Guidelines) has exceeded $85,714.28 during the preceding year. At such time, [Father] agrees to furnish to [Mother] all of his calculations for determination of his excess child support obligation, including, but not limited to, W-2's, K-1's, 1099's as well as all documents and other evidence of income received by [Father] during such year. . . .
>
> The parties acknowledge that no action by the parties will be effective to reduce child support after the date of each payment and they understand that court approval must be obtained before child support can be reduced or prorated unless such payments are automatically reduced or terminated under the terms of this agreement.

In the final decree, the circuit court determined that the MDA adequately and sufficiently provided for the support of the parties' minor daughter.

On February 1, 2001, Mother filed a petition for contempt against Father in the circuit court. Therein, Mother alleged that Father failed to comply with paragraph four (4) of the MDA by not paying child support on the date specified therein, failed to pay additional child support for 1999, and failed to provide Mother with documentation to support Father's calculation of his child support obligation. Further, Mother sought to modify, among other things, certain provisions in the MDA governing Father's visitation and his obligation to provide health insurance for their daughter. After answering Mother's petition, Father filed his own petition against Mother seeking to hold her in

contempt and to modify the final decree. Regarding his child support obligation, Father's petition stated:

> As drafted, the final decree of divorce requires [Father] to pay an unlimited amount of child support, as it is simply 21% of [Father's] income regardless of how much [Father] earns. [Father], therefore, may be required to pay a greater amount of child support than is contemplated by the Guidelines. This, therefore, would result in a windfall to [Mother] as any amount in excess of what is necessary for the benefit of the child is really alimony used for the benefit of [Mother].

On October 17, 2001, the circuit court entered a consent order modifying the Final Decree of Divorce and dismissing the parties' respective petitions for contempt with prejudice. The order provided that certain paragraphs of the MDA regarding the support and parenting of the parties' daughter were to be deleted. In their place, the parties agreed to substitute the terms of a Permanent Parenting Plan, which the circuit court incorporated into the consent order.

Regarding Father's child support obligation, the Permanent Parenting Plan provided as follows:

> 1.2.1   CHILD SUPPORT PER TENNESSEE CHILD SUPPORT GUIDELINES
> Father shall pay child support, in accordance with the Tennessee Child Support Guidelines, in the amount of $1,500 per month . . . .
>
> 1.2.2   Other Child Support: In addition to the child support set forth in Section 1.2.1, Father shall pay to Mother each year, as additional child support, an amount equal to 21% of the amount by which Father's net income (as defined by the Tennessee Child Support Guidelines) has exceeded $85,714.28 during the preceding year. . . . In the event the parties cannot reach an agreement on the amount of additional child support owed, either party shall have the right to have the court address the issue.

On July 17, 2003, after retaining new counsel, Father filed a Petition to Modify Final Decree of Divorce to Establish Set Amount Of Child Support in the circuit court. Therein, Father alleged the following:

> 2.       Pursuant to the [Permanent Parenting Plan], Father was ordered to pay child support directly to Mother in the amount of $1,500 per month. Father was also required to pay to Mother, as

> additional child support, an amount equal to 21% of the amount by which Father's net income (as defined by the Tennessee Child Support Guidelines) has exceeded $85,714.28 during the preceding year.
> 3.       Father alleges that this Honorable Court should establish a set amount of child support that Father should pay to Mother. . . . Father contends that he should currently pay set child support in the amount of $2,100 based on his income in 2002, and due to this amount being in full compliance with the Guidelines, Father should not be required to pay an additional twenty-one (21%) percent above said amount to Mother.

In response, Mother filed a motion seeking to have Father's petition dismissed by arguing that it was barred by the doctrine of res judicata, the parties' agreement regarding child support was contractual in nature and not subject to modification, and the petition failed to state a claim for which relief could be granted.

At one of the numerous hearings on Mother's motion to dismiss the petition, counsel for Father presented the circuit court with several exhibits to consider. In September of 2004, the circuit court sent a letter to the parties indicating its intention to grant Mother's motion to dismiss. On November 16, 2004, Father filed a motion seeking to alter or amend the trial court's ruling. The trial court heard further argument from the parties on January 11 and 13, 2005. On January 13, 2005, the circuit court entered an order granting Mother's motion to dismiss Father's petition for the following reasons: (1) the petition failed to state a claim upon which relief could be granted because it failed to allege any significant variance or other recognized ground for modification of child support; (2) the doctrine of res judicata barred Father from proceeding on his petition because the relief requested therein constituted the same relief requested by Father in his earlier petition, which the trial court dismissed with prejudice pursuant to a consent order; and (3) Father's petition sought retroactive modification of child support in violation of section 36-5-101(a)(5) of the Tennessee Code. On January 21, 2005, the circuit court entered an order denying Father's motion to alter or amend the court's judgment. Father timely filed a notice of appeal to this Court.

On appeal, Father asks this Court to determine whether the trial court erred by granting Mother's motion to dismiss his petition. Mother asks this Court to ascertain whether she is entitled to her attorney's fees and litigation expenses incurred in defending this appeal. For the reasons set forth more fully herein, we affirm the action of the circuit court in dismissing Father's petition. Moreover, we grant Mother's request for attorney's fees incurred in defending this appeal and remand the case to the trial court for the entry of an order to that effect.

## II.
### STANDARD OF REVIEW

As one of the justifications for dismissing Father's petition in this case, Mother alleged, pursuant to Tennessee Rule of Civil Procedure 12.02(6), that the petition failed to state a claim upon which relief could be granted. A Rule 12.02(6) motion "admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action." *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). As such, "matters outside the pleadings should not be considered in deciding whether to grant the motion." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). When reviewing a trial court's grant of a defendant's motion to dismiss, "we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness." *Stein*, 945 S.W.2d at 716.

At one of the hearings held by the trial court to address Mother's motion to dismiss, counsel for Father presented the court with several exhibits to consider in reaching a decision. Instead of excluding these items, the trial court had them marked as exhibits. In the order granting Mother's motion, the trial court did state that Father's petition failed to state a claim upon which relief could be granted, signaling that the trial court did not consider anything other than the parties' pleadings. While not expressly referencing the exhibits, the trial court did, however, state that it reached its decision based upon "the entire record in this cause." We do not find these exhibits anywhere in the record before this Court. Tennessee Rule of Civil Procedure 12.02 provides as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

TENN. R. CIV. P. 12.02 (2005). As we have previously stated,

> [t]rial courts have discretion to accept or exclude matters beyond the pleadings, Federal Practice and Procedure, *supra*, § 1366, at 491, and may prevent a conversion from taking place by declining to consider extraneous matters. 2A James W. Moore & Jo D. Lucas, *Moore's Federal Practice* P 12.09[3], at 12-107 (2d ed. 1994) ("Moore's Federal Practice"). They must, however, convert a Tenn. R. Civ. P. 12.02(6) motion to dismiss to a motion for summary judgment if they do not exclude the extraneous evidence. *Hixson v. Stickley*, 493 S.W.2d 471, 473 (Tenn. 1973); *D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 459-60 (Tenn. Ct. App. 1990).

***Pac. E. Corp. v. Golf Life Holding Co.***, 902 S.W.2d 946, 952 (Tenn. Ct. App. 1995).

Since the trial court did not exclude the exhibits but had them marked as exhibits for the court's consideration in ruling on Mother's motion to dismiss, Mother's motion to dismiss was converted into a motion for summary judgment. We review a trial court's grant of summary judgment to a party under the following standard of review:

> The standard of review for a trial court's grant of summary judgment is de novo with no presumption of correctness. *See Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). The party seeking summary judgment has the burden of persuading the court that its motion satisfies these requirements. *See Byrd*, 847 S.W.2d at 211; *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When considering a summary judgment motion, courts must view the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor. *See Guy*, 79 S.W.3d at 534; *Byrd*, 847 S.W.2d at 215. Summary judgment should therefore be granted only when the facts and conclusions to be drawn from the facts permit a reasonable person to reach but one conclusion. *See Guy*, 79 S.W.3d at 534; *Carvell*, 900 S.W.2d at 26.

***Godfrey v. Ruiz***, 90 S.W.3d 692, 695 (Tenn. 2002).

## III.
### ANALYSIS

On appeal, Father argues that, despite the title of his petition, he "was actually seeking clarification of the parties' written agreement, as opposed to a modification of support." He attempts to convince this Court that his petition is actually a petition for a declaratory judgment seeking an interpretation of the parties' Permanent Parenting Plan. Regarding this contention, Father argues that a genuine issue of material fact exists as to whether the parties, when agreeing to the child support provisions in the Permanent Parenting Plan, intended for Father to pay more child support than required by the Child Support Guidelines. We find Father's argument in this regard to be without merit.

Father was entitled to institute a declaratory judgment action to have the trial court interpret the Permanent Parenting Plan and declare his rights thereunder. *See* TENN. CODE ANN. § 29-14-103 (2000 & Supp. 2005); ***Pylant v. Spivey***, 174 S.W.3d 143, 147 (Tenn. Ct. App. 2003). In accordance with our practice of construing complaints liberally in favor of a plaintiff, ***Winchester v. Little***, 996 S.W.2d 818, 822 (Tenn. Ct. App. 1998), we have stated that a petition, no matter how poorly drafted, should not be summarily dismissed if a cause of action can be gleaned from its contents, ***Dobbs v. Guenther***, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992). As we have previously explained,

> [t]he pleadings required by the Tennessee Rules of Civil Procedure provide the vehicle for identifying and refining the matters at issue in a lawsuit. They provide the parties and the trial court with notice of the claims and defenses involved in the case. *Poster v. Andrews*, 182 Tenn. 671, 677, 189 S.W.2d 580, 582 (1943); *Hammett v. Vogue, Inc.*, 179 Tenn. 284, 290, 165 S.W.2d 577, 579 (1942). Thus, even under today's relaxed rules of pleading, it is necessary to include enough facts in a complaint to articulate a claim for relief. *Jasper Engine & Transmission Exchange v. Mills*, 911 S.W.2d 719, 720 (Tenn. Ct. App. 1995).
>
> The failure to assert a claim or defense in a timely manner is deemed a waiver of the right to rely on the claim or defense later in the proceeding. *Castelli v. Lien*, 910 S.W.2d 420, 429 (Tenn. Ct. App. 1995). Thus, unless the unpled claim has been tried by consent in the trial court, it cannot provide a basis for a judgment in favor of the claimant. *Fidelity-Phenix Fire Ins. Co. v. Jackson*, 181 Tenn. 453, 463, 181 S.W.2d 625, 629 (1944); *Roddy v. Volunteer Med. Clinic*, Inc., 926 S.W.2d 572, 576-77 (Tenn. Ct. App. 1996); *John J. Heirigs Constr. Co. v. Exide Corp.*, 709 S.W.2d 604, 607 (Tenn. Ct. App. 1986). Similarly, an unpled claim cannot be asserted for the first time on appeal. *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991); *Davis v. Tennessee Dep't of Employment Sec.*, 23 S.W.3d 304, 310 (Tenn. Ct. App. 1999); *Cobble v. McCamey*, 790 S.W.2d 279, 283 (Tenn. Ct. App. 1989).
>
> The courts should avoid construing pleadings in any artificially technical sense. Thus, they should give the language of a pleading its fair and natural construction, *Farmers State Bank v. Jones*, 34 Tenn. App. 57, 69, 232 S.W.2d 658, 663 (1950), and they should give effect to the substance of a pleading rather than its form. *Fann v. City of Fairview*, 905 S.W.2d 167, 175 n.14 (Tenn. Ct. App. 1994); *Brown v. City of Manchester*, 722 S.W.2d 394, 397 (Tenn. Ct. App. 1986). However, the courts must stop short of reading a claim into a pleading where none exists. *Donaldson v. Donaldson*, 557 S.W.2d 60, 62 (Tenn. 1997); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994).

*Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 300 (Tenn. Ct. App. 2001) (footnote omitted).

Father entitled his petition as a petition to modify his child support obligation, and he stated therein that he should only have to pay $2,100.00 in child support pursuant to the Child Support Guidelines. Nothing more is alleged. Nowhere in the petition do we find any reference to a dispute over the meaning of a provision in the Permanent Parenting Plan, nor does the petition request the trial court to interpret the Permanent Parenting Plan and declare Father's rights thereunder. While Father certainly had the means at his disposal to amend his pleading by way of Tennessee Rule of Civil Procedure 15.01, we find no such motion in the record before this Court. In fact, when certain deficiencies in Father's pleading were mentioned by Mother's counsel at a hearing on Father's motion to alter or amend the trial court's judgment, Father's counsel referenced the possibility of amending the petition under Rule 15, but stated "I don't think I need to, but I'm hearing from this order being entered that I may." Although we construe pleadings liberally, it is not the function of this Court to create a claim where none exists. *See Rawlings*, 78 S.W.3d at 300; *Dobbs*, 846 S.W.2d at 273. Accordingly, we must find that Father's petition did not contain a declaratory judgment cause of action.

Father argues that, even if we decline to find that the petition contained a declaratory judgment cause of action, we should nevertheless find that the issue was tried by consent of the parties. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." TENN. R. CIV. P. 15.02 (2005). It is true, as Father points out, that Father's memorandum of law in support of his petition referenced the parties' disagreement over the language in the Permanent Parenting Plan. Mother responded by filing her own memorandum of law attempting to refute Father's interpretation of the child support provisions. During the numerous hearings to address Mother's motion to dismiss, counsel for the parties referenced the interpretation of the Permanent Parenting Plan.

Father, however, has overlooked a crucial aspect of the procedural rule allowing the trial of issues by consent. "Generally speaking, trial by implied consent will be found where the party opposed to the amendment [knew] or should reasonably have known of the *evidence* relating to the new issue, did not object to this *evidence*, and was not prejudiced thereby." *Zack Cheek Builders, Inc. v. McLeod*, 597 S.W.2d 888, 890 (Tenn. 1980) (emphasis added); *see also Childs v. Roane County Bd. of Educ.*, 929 S.W.2d 364, 366 (Tenn. Ct. App. 1996). The cases cited by Father in support of his contention that this issue was tried by consent dealt with the introduction of evidence in the court below. *See, e.g., Kensinger v. Conlee*, No. 02A01-9811-CV-00322, 1999 Tenn. App. LEXIS 525, at *20 (Tenn. Ct. App. July 30, 1999) (finding that the parties tried a declaratory judgment action concerning a marital dissolution agreement by consent where the court entertained testimony from numerous witnesses). The only evidence presented by Father during the proceedings below came in the form of exhibits, which are not included in the record filed on appeal. Moreover, we cannot subscribe to Father's contention that the various memoranda and the statements of the lawyers at the hearings render the issue tried by consent of the parties. "Allegations in pleadings are

not, of course, evidence of the facts averred," ***Hillhaven Corp. v. State ex rel. Manor Care, Inc.***, 565 S.W.2d 210, 212 (Tenn. 1978), and "mere statements of counsel are not evidence or a substitute for testimony," ***Metro. Gov't of Nashville & Davidson Co. v. Shacklett***, 554 S.W.2d 601, 605 (Tenn. 1977). Thus, we have no evidence in the record before this Court to indicate that the parties tried a declaratory judgment action by consent. As such, we cannot allow Father to assert his declaratory judgment claim for the first time on appeal. ***See Rawlings***, 78 S.W.3d at 300.

We now turn to the propriety of the trial court's decision to dismiss Father's petition to modify his child support obligation, which we must review as a grant of summary judgment to Mother. The trial court concluded that Father's petition should be dismissed because, among other things, he failed to allege any significant variance or other recognized ground for modification of his child support obligation. On appeal, Mother contends that Father's child support obligation is contractual in nature and is, therefore, not subject to modification. Even assuming, for purposes of this appeal, that Father is not precluded by the doctrine of res judicata from seeking a modification and that the entire child support obligation is subject to modification, it was appropriate for the trial court to grant summary judgment to the Mother.

In his petition, Father merely requested that the trial court set a definite amount of child support owed to Mother in the amount of $2,100 pursuant to the Child Support Guidelines. The statute in effect when this case was tried below provides as follows:

> In cases involving child support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a significant variance, as defined in the child support guidelines established by subsection (e), between the guidelines and the amount of support currently ordered . . . .

TENN. CODE ANN. § 36-5-101(a)(1) (Supp. 2000). "The party seeking the modification bears the burden of showing the necessary significant variance." ***Eatherly v. Eatherly***, No. M2000-00886-COA-R3-CV, 2001 Tenn. App. LEXIS 323, at *10 (Tenn. Ct. App. May 4, 2001) (no perm. app. filed). Thus, we have previously stated:

> An obligor parent may request a prospective modification of his or her child support at any time. To obtain a modification, the parent must prove (1) the amount of his or her current net income and (2) the existence of a "significant variance" between his or her current child support obligation and the obligation that would be required by the Child Support Guidelines based on his or her current income. For the purpose of child support, a "significant variance" is "at least 15% if the current support is one hundred dollars ($ 100.00) or greater per month and at least fifteen dollars ($ 15.00) if the current support is less than one hundred dollars ($ 100.00) per month." Tenn. Comp. R. & Regs. r. 1240-2-4-.02(3). Because the Child Support Guidelines

calculate child support obligations based on the obligor parent's net income and the number of children to be supported, a significant variance may arise either from a change in the number of children entitled to support or by a change in the obligor parent's income. Child support controversies most often involve disputes regarding the obligor parent's income.

Once an obligor parent makes out a prima facie case for modifying his or her child support, the burden shifts to the custodial parent to prove that the requested modification is not warranted by the guidelines. *See Eatherly v. Eatherly*, 2001 Tenn. App. LEXIS 323, 2001 WL 468665, at *11 (holding that the burden of proof to establish willful and voluntary underemployment is on the custodial spouse). If the custodial parent fails to rebut the obligor parent's prima facie case, the court must modify the obligor parent's child support obligation. A custodial parent may rebut an obligor parent's prima facie case by proving: (1) that more children are entitled to support than claimed by the obligor parent, (2) that the obligor parent did not accurately report all of his or her income, (3) that the obligor parent is willfully and voluntarily unemployed or underemployed, (4) that the obligor parent owns valuable assets or resources that warrant deviating from the guidelines, or (5) any other circumstances delineated in Tenn. Comp. R. & Regs. r. 1240-2-4-.04 (1997) that warrant deviation from the guidelines.

*Chorost v. Chorost*, No. M2000-00251-COA-R3-CV, 2003 Tenn. App. LEXIS 441, at *18–20 (Tenn. Ct. App. June 17, 2003) (footnotes omitted) (no perm. app. filed).

When reviewing a trial court's grant of summary judgment to a party, we are mindful of the following:

When the party seeking summary judgment makes a properly supported motion, the burden then shifts to the nonmoving party to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule 56.03, establishing that there are indeed, material facts creating a genuine issue that needs to be resolved by the trier of fact and that a trial is therefore necessary.

*Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). During the course of the numerous hearings conducted on Mother's motion to dismiss Father's petition to modify his child support obligation, we find no evidence specifically designed to create a genuine issue of material fact as to whether a significant variance existed in this case. *See Turner v. Turner*, 919 S.W.2d 340, 345 (Tenn. Ct. App. 1995) (noting our inability to determine whether a significant variance existed due to the lack of any evidence in the record to conduct such an analysis). As previously noted, Father cannot rely

on the exhibits introduced at one of the hearings as evidence of the existence of a significant variance in this case since these exhibits are not in the record before this Court.[1]  In the absence of such evidence, we must presume that the evidence did not create a genuine issue of material fact making summary judgment inappropriate in this case.  ***See Parchman v. Parchman***, No. W2003-01204-COA-R3-CV, 2004 Tenn. App. LEXIS 768, at *7–8 (Tenn. Ct. App. Nov. 17, 2004) (no perm. app. filed); ***Sherrod v. Wix***, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992); ***McDonald v. Onoh***, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); ***Threadgill v. Threadgill***, 740 S.W.2d 419, 426 (Tenn. Ct. App. 1987).  We hold that, even if Father's petition was not barred by the doctrine of res judicata and that his entire child support obligation was subject to modification, he failed to create a genuine issue of material fact as to whether a significant variance existed in this case.  Accordingly, we affirm the trial court's decision.

Finally, Mother asks this Court to award her the attorney's fees and litigation expenses she has incurred in defending this appeal.  In support of her request, she relies on the parties' MDA, which provides:

> 24.  <u>BREACH AND WAIVER</u>.  Should either party incur any expense or legal fees as to [sic] a result of the breach of any portion of this Marital Dissolution Agreement by the other party, the Court shall award reasonable attorney's fees and suit expenses to the non-defaulting party which are reasonably incurred.  No breach, waiver, or default of any of the terms of this agreement shall constitute a waiver of any subsequent breach or default of any of the terms of agreement.[2]

---

[1] The transcript of the hearing suggests that these exhibits included Father's calculation of his child support obligation, Mother's calculation of Father's child support obligation, and a copy of Father's 2002 income tax return.

We are cognizant of the fact that, when a trial court converts a motion to dismiss into a motion for summary judgment by virtue of entertaining materials outside the pleadings, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." TENN. R. CIV. P. 12.02 (2005); *see also Teaster v. Tenn. Dep't of Corr.*, No. 01A01-9608-CH-00358, 1998 Tenn. App. LEXIS 256, at *8–9 (Tenn. Ct. App. Apr. 24, 1998).  After the hearing at which these exhibits were introduced, several more hearings on Mother's motion followed giving Father the opportunity to present additional evidence to create a genuine issue of material fact.  On appeal, Father, by arguing alternative standards of review, readily concedes that the introduction of the exhibits quite possibly converted Mother's motion to dismiss into a motion for summary judgment.  Moreover, Father's counsel sought the introduction of the exhibits at the hearing, and we presume that his counsel was aware of the procedural effect of his actions.  Thus, Father cannot argue that he did not have sufficient opportunity to present additional evidence or that he was unaware that Mother's motion was converted to a motion for summary judgment by introduction of the exhibits.

[2] This provision of the MDA was not abrogated by the trial court's entry of the consent order implementing the Permanent Parenting Plan.

Further, Mother relies on the following statute:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn. Code Ann. § 36-5-103(c) (Supp. 2000).

Tennessee adheres to the "American Rule," which provides that, absent a statute or agreement to the contrary, litigants are responsible for their own attorney's fees. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000). "There is no absolute right to such fees, but their award in custody and support proceedings is familiar and almost commonplace." *Deas v. Deas*, 774 S.W.2d 167, 170 (Tenn. 1989). The decision as to whether an award of attorney's fees is warranted on appeal rests in the sound discretion of this Court. *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995). Exercising our discretion, we agree with Mother's contention that an award of attorney's fees is warranted in this case. *See Taylor v. Fezell*, 158 S.W.3d 352, 360 (Tenn. 2005) (finding that an award of attorney's fees was warranted pursuant to the aforementioned statute and a contractual agreement regarding attorney's fees contained in the parties' MDA). We remand this case to the trial court for the entry of an award of Mother's reasonable attorney's fees incurred in defending this appeal.

## IV.
### CONCLUSION

For the aforementioned reasons, we affirm the decision of the trial court and remand this case to the trial court for the entry of an order awarding Mother her reasonable attorney's fees incurred in defending this appeal. Costs of this appeal are to be taxed to the Appellant, William Michael Fair, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE