**Wade E. JENSEN and Donald D. Goff, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**SOLVAY CHEMICALS, INC., Solvay America, Inc., and Solvay America Companies Pension Plan, Defendants.**

**No. 06–CV–273 J.**

United States District Court, D. Wyoming.

Oct. 18, 2007.

---

See also 520 F.Supp.2d 1356.

Richard H. Honaker, Honaker Law Offices, Rock Springs, WY, Stephen R. Bruce, Law Offices of Stephen R. Bruce, Washington, DC, for Plaintiffs.

J. Richard Hammett, Scott M. Nelson, Baker & McKenzie, Houston, TX, Paul J. Hickey, Hickey & Evans, Cheyenne, WY, for Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO SET ASIDE JULY 11, 2007 ORDER DENYING MOTION FOR DISCOVERY

ALAN B. JOHNSON, District Judge.

This matter came before the Court on Plaintiffs' Motion to Set Aside July 11, 2007 Order Denying Motion for Discovery. The Court, having read the parties' briefs, listened to oral arguments, and being fully advised in the premises, **FINDS** and **ORDERS** as follows:

### Factual and Procedural Background

On January 1, 2005, Solvay America Companies Pension Plan amended its defined benefit pension plan. Plaintiffs Wade E. Jensen and Donald D. Goff allege in a Complaint filed November 15, 2006, that the structuring of the amendment freezes the retirement benefits of older, longer-service employees and offers lower rates of benefit accrual at older ages. Further, Plaintiffs allege that Defendants violated ERISA by failing to provide adequate notice of the changes. Before filing the present action, but after filing age discrimination complaints with the Wyo-

ming Labor Standards Board, Plaintiffs' counsel sent a letter to Solvay America Companies' Plan administrator describing the claims and requesting relief. Solvay replied in a letter dated April 10, 2006, stating that Plaintiffs' letter was being treated as a claim for benefits. Solvay's "Administrative Committee" subsequently sent Plaintiffs a response letter, dated August 31, 2006, that denied each claim. On September 8, 2006, Plaintiffs sent a letter requesting information relating to the denial. The Solvay America Companies' Pension Plan Administrative Committee responded on October 13, 2006, enclosing documents related to the request. The Plaintiffs did not pursue further remedies with Solvay and this action was filed on November 15, 2006.

Plaintiffs specifically allege claims for (1) age discrimination stemming from a pension benefit freeze, (2) violation of ERISA's accrual requirements and (3) nonforfeitability rules, (4) reduced rates of benefit accrual based on age, (5) inadequate notice of reductions, and (6) inadequate summary of material modifications. Plaintiffs allege that these claims spring from the January 1, 2005 amendment to the defined benefit pension plan. Plaintiffs ask for relief from Solvay Chemicals, Inc., Solvay America, Inc., and Solvay America Companies Pension Plan (collectively "Solvay"). Plaintiffs filed a PLAINTIFFS' MOTION FOR DISCOVERY with accompanying brief on April 27, 2007. DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFFS' MOTION FOR DISCOVERY was filed on March 21, 2007. A subsequent PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR DISCOVERY was filed on June 11, 2007. Magistrate Judge William C. Beaman issued an ORDER DENYING PLAINTIFFS' MOTION FOR DISCOVERY on July 11, 2007. Following this order, PLAINTIFFS' MOTION TO SET ASIDE JULY 11, 2007 ORDER DENYING MOTION FOR DISCOVERY with accompanying brief was filed July 27, 2007. DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SET ASIDE JULY 11, 2007 ORDER was filed on August 10, 2007. Oral arguments in this matter were heard on September 14, 2007.

**Standard of Review**

A magistrate judge's nondispositive order can only be set aside by a district judge if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A), Fed.R.Civ.P. 72(a); U.S.D.C.L.R. 74.1(a). Acting "similar to an appellate court[,]" the district court will review the magistrate's order pursuant to this "clearly erroneous or contrary to law" standard of review. *Clark v. Poulton,* 963 F.2d 1361, 1371 (10th Cir.1992). Under the "clearly erroneous" standard, the district court must affirm the magistrate's order unless it has a definite and firm conviction that an error has occurred. *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988); *see also Parts and Elec. Motors, Inc. v. Sterling Elec.,* 866 F.2d 228, 236 (7th Cir.1988) ("To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong."). Moreover, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will overrule the magistrate judge's determination only if this discretion is clearly abused." *Hinsdale v. City of Liberal,* 981 F.Supp. 1378, 1379 (D.Kan.1997). Under the "contrary to law" standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard. *Wyoming v. United States Department of Agriculture,* 239 F.Supp.2d 1219, 1236 (D.Wyo.2002) (citing Wright, Miller &

Marcus, FEDERAL PRACTICE AND PROCEDURE § 3069, at 350 (1997 & Supp.2002)). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." *Id.* at § 3069, at 350–51; *see also Hayes v. Woodford,* 301 F.3d 1054, 1067 n. 8 (9th Cir.2002).

## Analysis

Plaintiffs ask the Court to set aside the July 11, 2007 Order of Magistrate Judge William C. Beaman. In that Order, Judge Beaman denied Plaintiffs' Motion for Discovery holding that, in ERISA cases, "judicial review is limited to the administrative record and any outside discovery is not allowed, except in unusual circumstances." (Ord. Den. Pls.' Mot. for Disc. 8) (citing *Hall v. Unum Life Insurance Co. of America,* 300 F.3d 1197 (10th Cir.2002)). In reaching that holding, Magistrate Beaman found that Plaintiffs Jensen and Goff's ERISA claims were claims for plan benefits. Further, on Plaintiffs' ADEA claims, Judge Beaman ruled that

> [a]llowing discovery beyond the record for plaintiffs' ADEA claims would allow plaintiffs to circumvent ERISA's purpose to efficiently and expeditiously resolve disputes without burdensome discovery. Therefore, the Court will not support discovery in an ERISA case by allowing claims under another federal statute to create a situation where discovery takes places where it otherwise would not.

(Ord. Den. Pls.' Mot. for Disc. 11). In conclusion, Judge Beaman ordered that review of the case was limited to the record, and supplementation of the record would only be allowed upon a determination by the trial court of necessity to adequate review of the case. *Id.*

Plaintiffs argue that the order was contrary to law and clearly erroneous. Plaintiffs contend that Fed.R.Civ.P. 26(b)(1) is inconsistent with an order denying discovery on a blanket basis, nor can the Court abdicate control of the discovery process to one of the adversaries in the dispute. Further, Plaintiffs argue that these claims are for statutory violations for which exhaustion of internal procedures is not required and for which a trial must be conducted *de novo.* Plaintiffs also claim a right to discovery on the ADEA § 4(a) claims. Finally, they argue that Judge Beaman's Order shifts all future discovery decisions to the trial court and overlooks the problems created by limiting evidence selection to one party.

Defendants counter that discovery beyond the administrative record would circumvent ERISA's rules requiring development of the record through exhaustion of administrative remedies. Solvay further argues that under any applicable standard of review, discovery should be limited to the record. Defendants also counter that the Plaintiffs' ADEA claims mirror the ERISA claims and additional discovery is therefore improper.

■ This Court, in its Order Denying Plaintiffs' Motion to Dismiss, ruled that Jensen and Goff's claims are claims for enforcement of statutory rights and not subject to a requirement of exhaustion of administrative remedies. (Ord. Den. Pls.' Mot. to Dismiss 6). In ruling that "exhaustion in this instance is unnecessary and excused" this Court creates a logical requirement of further discovery for these parties. The requirement for a complete and thorough record of the underlying administrative proceedings was deemed unnecessary by the nature of the claims, and therefore the limitations on discovery imposed by Judge Beaman's order are illogical and unworkable. Judge Beaman's order was based upon an assumption of the type of claims that was contrary to the

later findings of this Court. That order is therefore correct in the legal reasoning it followed but incorrect in the facts predicating the reasoning. This Court's conclusions and findings here require a more thorough and in-depth legal and factual analysis than utilized in the Order Denying Defendants' Motion to Dismiss.

The Tenth Circuit, in *Millsap v. McDonnell Douglas Corp.*, succinctly and clearly analyzed the purposes of ERISA and its civil enforcement provisions. 368 F.3d 1246, 1249–1250 (10th Cir.2004). It stated:

> ERISA regulates employee pension and welfare benefit plans. *See* 29 U.S.C. §§ 1002(*l* )-(2), 1003(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Congress designed ERISA "to promote the interests of employees and their beneficiaries in employee benefit plans." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 137, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (internal quotations and citation omitted). ERISA's "complex and detailed" statutory scheme "resolved innumerable disputes between powerful competing interests-not all in favor of potential plaintiffs." *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 262, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993). Federal courts interpreting ERISA must take into account those competing interests, "such as Congress' desire to offer employees enhanced protection for their benefits, on the one hand, and, on the other, its desire not to create a system that is so complex that administrative costs, or litigation expenses, unduly discourage employers from offering welfare benefit plans in the first place." *Varity Corp. v. Howe*, 516 U.S. 489, 497, 116 S.Ct. 1065, 134 L.Ed.2d 130(1996); *see also Lockheed Corp. v. Spink*, 517 U.S. 882, 887, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996) (explaining ERISA does not require employers to establish employee benefit plans or a certain level of benefits under a plan).
>
> ERISA's civil enforcement scheme, 29 U.S.C. § 1132, consists of several carefully integrated provisions. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985).

*Millsap*, 368 F.3d at 1249–1250.

Two of the carefully integrated provisions in 29 U.S.C. § 1132 are, for this Court's purposes, either claims for benefits or claims alleging statutory violations. ERISA § 502, 29 U.S.C. § 1132. Claims for benefits arise under ERISA § 502(a)(1)(B), which states:

> A civil action may be brought—
>
> > (1) by a participant or beneficiary—
> >
> > \*      \*      \*
> >
> > (B) to recover benefits due to him *under the terms of his plan,* to enforce his rights *under the terms of the plan,* or to clarify his rights to future benefits *under the terms of the plan:*

29 U.S.C. § 1132(a)(1)(B) (emphasis added).

This is substantially different from ERISA § 502(a)(3), which deals with claims alleging statutory violations and provides:

> A civil action may be brought—
>
> \*      \*      \*
>
> (3) by a participant, beneficiary, or fiduciary (A) to *enjoin any act or practice* which *violates any provision of this subchapter* or the terms of the plan, or (B) to obtain other *appropriate equitable relief* (I) to *redress such violation* or (ii) to *enforce any provisions of this subchapter* or the terms of the plan;

29 U.S.C § 1132(a)(3) (emphasis added).

The United States Supreme Court has held, in *Varity Corp. v. Howe,* that "where

Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate'." 516 U.S. 489, 515, 116 S.Ct. 1065, 1079, 134 L.Ed.2d 130 (1996). Therefore, claims arising under § 502(a)(lXB) would preclude additional relief available under § 502(a)(3). 29 U.S.C. § 1132(a)(1)(B), 1132(a)(3). Claims for benefits under § 502(a)(1)(B) are subject to interpretation as to what benefits are "due ... under the terms of the plan," and what rights are enforceable "under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The determination as to what civil enforcement provision Plaintiffs' claims arise from is important because it predicates the issues of discovery at issue here.

Judge Beaman's Order Denying Plaintiffs' Motion for Discovery does not contain a finding as to from which ERISA civil enforcement provision Plaintiffs' claims arise. Plaintiffs themselves have not explicitly defined the civil enforcement provision from which this action springs. Defendants, in their Brief in Support of Defendants' Motion to Dismiss, attempted to pre-emptively frame this issue where Plaintiffs did not and have not. They argued that:

> [Plaintiffs'] ERISA claims fall squarely within in ERISA § 502(a)(1)(B), ... Plaintiffs essentially seek two things under their ERISA claims: (1) the benefits to which they would have been entitled under the pre-Conversion plan; and (2) the Court's clarification of their future benefits so that Plaintiffs will receive the benefits to which they would have been entitled under the pre-Conversion plan. Plaintiffs therefore seek relief under ERISA § 502(a)(1)(B) "to recover benefits due to [them] under the terms of [the] plan, ... [and] to clarify [their]

rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Plaintiffs' argument against exhaustion rests on the disingenuous and flawed contention that their ERISA claims are not claims for benefits, but instead are "statutory" and thus within ERISA § 502(a)(3).

(Br. in Supp. of Defs.' Mot. to Dismiss 15).

Magistrate Judge Beaman's Order seems to apply this line of reasoning. Although he is not explicit in his ruling that these are § 502(a)(1)(B) claims, he relies on case law that deals exclusively with § 502(a)(1)(B) claims. 29 U.S.C. § 1132(a)(1)(B). The Order contains a discussion of the relationship between the scope of discovery in ERISA cases and the appropriate standard of review. The Judge correctly notes that, for review of § 502(a)(1)(B) claims,

> ERISA does not explicitly specify a standard of review, the United States Supreme Court has held that denial of benefits challenges are to be reviewed under a *de novo* standard, unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or construe the terms of the plan, in which case the court is to review the administrator's denial according to an arbitrary and capricious standard. *See e.g. Gilbertson v. Allied Signal Inc.*, 328 F.3d 625, 630 (10th Cir. 2003); *Allison v. UNUM Life Ins. Co. Of America*, 381 F.3d 1015 (10th Cir. 2004); *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

(Ord. Den. Pls.' Mot. for Disc. 8). This finding relates to the standard of review a district court uses in reviewing a claim for benefits, a controlling factor in the scope of discovery allowed for ERISA § 502(a)(1)(B) actions. 29 U.S.C. § 1132(a)(1)(B).

Under *Firestone Tire & Rubber Co. v. Bruch,* a controlling case dealing with standard of review, the "denial of benefits *challenged under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)* is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. at 115, 109 S.Ct. 948 (emphasis added). The *Firestone* holding was further considered by the Tenth Circuit in *Hall v. Unum Life Insurance Co. of America,* 300 F.3d 1197 (10th Cir.2002). The *Hall* court stated:

> the best way to implement ERISA's purposes in this context is ordinarily to restrict de novo review to the administrative record, but to allow the district court to supplement that record "when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision."

*Id.* at 1202 (quoting *Quesinberry v. Life Ins. Co. of N. Am.,* 987 F.2d 1017, 1025 (4th Cir.1993)).

Judge Beaman denied further discovery under this legal framework. The foundation of the framework is the finding that Plaintiffs' claims arise under ERISA § 502(a)(1)(B). 29 U.S.C. § 1132(a)(1)(B). Plaintiffs' claims do not necessarily arise under ERISA § 502(a)(1)(B) and ERISA § 502(a)(3) offers other discovery options consistent with this Court's rulings regarding this action's attendant exhaustion issues. 29 U.S.C. § 1132(a)(1)(B), 1132(a)(3).

■ ERISA § 502(a)(3) specifically allows civil actions for violations of any provision of ERISA itself, not claims for benefits under ERISA plans. 29 U.S.C. 1132(a)(3). The Plaintiffs, in their Complaint, specifically ask that the Court declare that the actions of Solvay and the terms of Solvay's Plan violate several ERISA provisions. (Pls.' Compl. 23). The Complaint further asks the Court to

> [o]rder Solvay America to take all necessary steps to *make the cash balance features compliant* with the ADEA and ERISA, including *eliminating the conditioning of receipt of the cash balance formula's annual pay credits and interest based on age and eliminating the age-based reductions in rates of benefit accruals.*
>
>      \*     \*     \*
>
> [and] *[a]ward equitable and remedial relief* as the Court deems appropriate to ensure receipt of all retirement benefits required to give effect to the Court's declarations.

*Id.* at 24 (emphasis added).

The language of the Complaint parallels the language of ERISA § 502(a)(3). 29 U.S.C. § 1132(a)(3). Plaintiffs ask the Court to enjoin the features that are not compliant, eliminate the inappropriately age-based provisions, and award equitable relief. These are all remedies specifically set forth in ERISA § 502(a)(3). *Id.* The Complaint does not ask the Court to provide Plaintiffs with benefits due under the plan or any interpretation of the plan as set forth in ERISA § 502(a)(1)(B). *Id.*

Case law does not constrain discovery under ERISA § 502(a)(3) actions. *Id.* The limited discovery ordered by Judge Beaman and proscribed by *Hall* is limited to claims arising under ERISA § 502(a)(1)(B). *Id.* This is logical as these actions do not benefit from the administrative process. Courts are not required to give deference to plan committees or fiduciaries in § 502(aX3) actions and therefore limitations to the administrative record are not required. *Id.* Section 502(a)(3) actions are to enforce rights not arising under ERISA plans, but rather arising from

ERISA itself. *Id.* Therefore, a finding that claims arise from ERISA § 502(a)(3) reverts discovery into the traditional realm and is governed under traditional federal, circuit, and local procedure. *Id.*

The Court finds that Plaintiffs' claims arise under ERISA § 502(a)(3). *Id.* As such, these claims are exempt both from standard ERISA exhaustion requirement, as previously ordered, and also are not subject to the Tenth Circuit ERISA discovery restrictions *of Hall v. Unum Life Insurance Comp. of Am.*, 300 F.3d 1197. As the ERISA claims do not restrict discovery, the finding that the ADEA claims are merely asserted to circumvent the ERISA discovery restrictions is rendered illogical and ultimately moot

Based on the above analysis, beyond which no further findings are necessary and other arguments raised are rendered irrelevant, this Court finds that Magistrate Beaman's July 11, 2007, Order Denying Plaintiffs' Motion for Discovery was clearly erroneous and contrary to law. This Court has a definite and firm conviction that Magistrate Judge Beaman clearly abused his discretion and applied the incorrect legal standard resulting in an order that is more than just probably wrong.

For the foregoing reasons, it is hereby

**ORDERED** that the July 11, 2007 Order Denying Plaintiffs' Motion for Discovery is **REVERSED** and the Plaintiffs' Motion to Set Aside July 11, 2007 Order Denying Motion for Discovery is **GRANTED.**

**Further, it is also ORDERED** that discovery in this matter shall proceed as set forth by the Federal, Tenth Circuit, and local Rules of Civil Procedure.