

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES GUENTHER, | No. 14-15193 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-00380-EJD |
| v. | |
| LOCKHEED MARTIN CORPORATION and LOCKHEED MARTIN CORPORATION RETIREMENT PLAN FOR CERTAIN SALARIED EMPLOYEES, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted February 9, 2016
San Francisco, California

Before: HAWKINS, W. FLETCHER, and MURGUIA, Circuit Judges.

Charles Guenther appeals the district court's grant of summary judgment to

Lockheed Martin Corporation ("Lockheed") and the Lockheed Martin Corporation

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Salaried Employee Retirement Program ("the Plan"), a defined benefit plan, on claims arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. We affirm in part, vacate in part, and remand.

We affirm the district court's grant of summary judgment to Lockheed and the Plan (collectively, "Defendants") on Guenther's claim under 29 U.S.C. § 1132(a)(1)(B). We review for abuse of discretion Lockheed's determination that Guenther was not entitled to benefits under the terms of the Plan. *See Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 673 (9th Cir. 2011). Under this standard, an ERISA plan administrator's decision will be upheld if it was "reasonable." *See id.* at 675 (citing *Conkright v. Frommert*, 559 U.S. 506, 521 (2011)). If the Plan administrator has a conflict of interest or violated the procedural requirements of ERISA, we use the same standard of review, but "judge the reasonableness of the plan administrator skeptically." *Id.*; *see also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 972 (9th Cir. 2006) (en banc).

Here, the Plan amendment adopted in 2005 provided that "no person who is re-employed by an Employing Company on or after January 1, 2006 shall become an active Participant or earn Credited Service under the Plan with respect to any period commencing with such reemployment." Guenther was rehired by Lockheed in September 2006. Applying "special skepticism" because of Lockheed's conflict

of interest and alleged procedural irregularities, we nevertheless conclude that it was reasonable for Lockheed to interpret the terms of the Plan to preclude Guenther from continuing to accrue credited service after his rehire.

Guenther also asserts that Defendants breached their fiduciary duty to him and seeks equitable relief to redress that breach under 29 U.S.C. § 1132(a)(3).[1] The Supreme Court has recognized three types of equitable relief available under § 1132(a)(3): equitable estoppel, reformation, and surcharge. *CIGNA Corp. v. Amara*, 563 U.S. 421, 440–42 (2011); *see also Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 955–58, 961–63 (9th Cir. 2014) (describing requirements for equitable estoppel, reformation, and surcharge); *Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162, 1166–67 (9th Cir. 2012) (discussing reformation and surcharge). The district court addressed only equitable estoppel, holding that Guenther did not clearly allege equitable estoppel and denying his motion to amend as untimely. In the alternative, the district court held that the equitable estoppel claim failed because there was no misrepresentation and the Plan terms

---

[1] *See* 29 U.S.C. § 1132(a)(3) (permitting participants and beneficiaries to obtain "appropriate equitable relief" to redress ERISA violations); *id.* § 1104(a)(1) (requiring ERISA fiduciary to discharge its duties "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of . . . providing benefits to participants and their beneficiaries").

3

were not ambiguous, as required for equitable estoppel under Ninth Circuit case law.

We disagree with the district court's determination that Guenther failed to allege facts supporting a breach of fiduciary duty claim under § 1132(a)(3). His First Amended Complaint (FAC) alleged the following facts:

When Lockheed recruited Guenther to return to the company in 2006, one of Guenther's "key conditions" of returning was that he continue to "receive the full benefit of the company's defined benefit retirement plan." A Lockheed representative promised him in writing that it would be possible to "bridge" his prior service. Upon Guenther's previous rehire at Lockheed in 1997, he had been promised "bridging," and the credited service he accrued during his subsequent period of employment had been combined with his previous period of employment to determine his overall credited service time under the Plan. Lockheed never informed him until after he returned to Lockheed in 2006 that it meant something different by "bridging" on this second occasion — *i.e.*, that now, under its current use of the term, "bridging" did not include accruing additional credited service under the Plan. Nor did Lockheed inform him that it would place him on a

4

different plan.[2]  Guenther left his job at Lawrence Livermore National Laboratories and rejoined Lockheed in reliance on Lockheed's promise, as he understood it, that his employment would be "bridged" such that upon his new employment he would accrue credited service under the Plan.

These detailed allegations and the "bridging" letters from Lockheed attached to the FAC were sufficient to put Defendants on notice that Guenther was accusing them of misrepresenting his ability to accrue more credited service time under the Plan.  In fact, Defendants seemed to realize that Guenther was alleging a misrepresentation, as they asserted an affirmative defense to equitable estoppel in their answer.

We also disagree with the district court's conclusion that there was no misrepresentation.  That conclusion was premature in light of (1) the unchallenged evidence that Guenther had received "bridging" in the way that he understood it the last time he was rehired by Lockheed, and Defendants made no mention that they were using a new defined contribution retirement plan and that the 2005 Plan amendment barred the type of "bridging" Guenther expected; and (2) the lack of

---

[2] Although not specifically alleged, the record shows that Lockheed also failed to inform Guenther that the 2005 Plan amendment excluded rehires from accruing credited service.

opportunity for Guenther to conduct discovery into Defendants' frame of mind when they made that promise.

However, we do agree with the district court's final decision to grant summary judgment as to equitable estoppel. Alleging and proving a material misrepresentation by a fiduciary (a breach of fiduciary duty) is not necessarily sufficient to obtain equitable relief under § 1132(a)(3). Additional criteria must be met to obtain certain types of equitable relief. The district court correctly held that, under long-standing Ninth Circuit case law, Guenther was not eligible for equitable estoppel because the post-2005 Plan terms are unambiguous. *See Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 822 (9th Cir. 1992) (equitable estoppel is not available if it "would result in a payment of benefits that would be inconsistent with the written plan"); *see also Gabriel*, 773 F.3d at 957 (requiring party seeking estoppel to show "that the provisions of the plan at issue were ambiguous such that reasonable persons could disagree as to their meaning or effect"). Thus, we affirm the district court's grant of summary judgment as to equitable estoppel.

The district court did not discuss reformation or surcharge. Our intervening issuance of *Gabriel* provides guidance on the availability of these remedies. Like in *Gabriel*, reformation in this case is not available because it "would result in a payment of benefits that would be inconsistent with the written plan." *Gabriel*,

6

773 F.3d at 962. On the other hand, *Gabriel* suggested that surcharge could be available notwithstanding any conflict with the unambiguous terms of the plan. *See id.* at 962–63 (vacating and remanding for the district court to consider surcharge). Thus, we vacate the district court's judgment on Guenther's § 1132(a)(3) claim and remand for the district court to consider whether Defendants breached a fiduciary duty and, if so, whether Guenther is entitled to surcharge as a remedy. On remand, the court should allow discovery of evidence relevant to these issues, including evidence outside the administrative record. *Jensen v. Solvay Chems., Inc.*, 520 F. Supp. 2d 1349, 1355 (D. Wyo. 2007) (distinguishing § 1132(a)(1)(B) claims from § 1132(a)(3) claims and allowing discovery outside the administrative record for the latter); *see also Colaco v. ASIC Advantage Simplified Pension Plan*, 301 F.R.D. 431, 434–35 & n.27 (N.D. Cal. 2014) (citing *Jensen* and allowing discovery beyond administrative record in connection with § 1132(a)(3) claim); *Sconiers v. First Unum Life Ins. Co.*, 830 F. Supp. 2d 772, 778 (N.D. Cal. 2011) (denying summary judgment as premature and allowing discovery into § 1132(a)(3) claim).

**AFFIRMED in part; VACATED in part; and REMANDED with instructions**. Each party shall bear its own costs on appeal.